STATE EX REL. McGRADE ET AL., RELATORS, *v.* DISTRICT
COURT ET AL., DEFENDANTS.

(No. 3,831.)

(Submitted May 11, 1916.   Decided May 19, 1916.)

[157 Pac. 1157.]

*Office and Officers—Removal—Nature of Proceeding—County*
*Attorneys — Disqualification — Appointment of Substitute—*
*Power of District Court—Compensation.*

Office and Officers—Removal—Disqualification of County Attorney—Ap-
pointment of Substitute—Power of District Court.
1.   Proceedings for the removal of a public officer under section 9006,
Revised Codes, being of a criminal nature, the district court is em-
powered by section 9309 to appoint some attorney in such a proceeding
to perform the duties of the county attorney whenever the latter is
absent on account of either neglect or sickness, or is disqualified for
any reason.

[As to removal of public officers for cause, see note in 135 Am. St.
Rep. 250.]

Same—Statutes.
2.   The power granted to the district court by section 9005, Revised
Codes, in a proceeding looking to the removal of the county attorney,
to appoint the county attorney of an adjoining county to act as prose-
cuting officer, may only be exercised when charges are preferred by a
grand jury under section 8992.

Same—Compensation of Substitute for County Attorney.
3.   An attorney appointed under section 9309, Revised Codes, to per-
form the duties of a county attorney in a proceeding in which the
latter was sought to be removed upon the accusation of a taxpayer
charging neglect of duty, may not demand or receive compensation
for his services out of the county treasury, the statute not making any
provision therefor, and the county not being liable as upon an implied
contract to pay what the services are reasonably worth.

Same.
4.   A county attorney called into an adjoining county by appointment
under section 9005, Revised Codes, to act as prosecuting officer in a
proceeding of the nature of that referred to in paragraph 2, *supra,* is
not entitled to compensation for services thus rendered.

Original application by the State, at the relation of Barney
McGrade and others, for a writ of *certiorari,* against the Dis-
trict Court of Silver Bow County, and Michael Donlan, a judge
thereof.   Order complained of annulled.

*Messrs. M. F. Canning, A. B. Melzner* and *Dan T. Malloy,*
for Relators, submitted a brief; *Mr. Malloy* argued the cause
orally.

*Mr. Frank Walker* and *Mr. T. F. Shea,* for Respondents, argued the cause orally.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

*Certiorari.* The facts disclosing the ground of the application are these: On January 10 of this year, John Johnson, filed in department 3 of the district court of Silver Bow county an accusation charging M. F. Canning, the county attorney of Silver Bow county, with neglect and failure to perform his duty as such officer in the enforcement of the gaming laws of the state, and demanding that he be removed from office. When in response to a citation Canning appeared and entered his plea of not guilty, Honorable Michael Donlan, the judge presiding, by formal order called upon T. F. Shea, Esq., county attorney of Powell county, to prosecute the accusation. Powell county does not adjoin Silver Bow county. Mr. Shea appeared and assumed charge of the proceedings. The trial was set for February 16. Pending the examination of witnesses for the accuser, Mr. Shea moved for a dismissal of the accusation. The motion was sustained and judgment of acquittal was entered. On March 2 Mr. Shea presented to the county auditor of Silver Bow county, for allowance for his services, a claim for $500. The auditor refused to allow it. On March 6, upon application of Mr. Shea and as a part of the proceedings in the matter of the accusation, the court made an order which, omitting recital of the action taken by the auditor, reads: "It is hereby ordered and this does order, that the board of county commissioners of Silver Bow county and Gus Stromme, Barney Mc-Grade, Otto Simonson, members of said board, and the county clerk and recorder of Silver Bow county, Montana, and the county treasurer of Silver Bow county, approve said claim; issue a warrant upon the treasury of said county for the payment of said sum from the funds of the county of Silver Bow, and pay said warrant out of the funds of the treasury of Silver Bow county, in its proper course." On March 10 the officers

named in the order filed a motion to have it vacated.    The court
overruled the motion.    Thereupon this proceeding was insti-
tuted to have the order annulled on the ground that the court
was without power to make it.

The solution of the question presented requires notice of
[1]  several provisions of the Revised Codes touching the power
of the district court to appoint a substitute for the county
attorney in criminal cases, and an answer to the inquiry what
provision, if any, is made for the compensation of the substi-
tute by the county, and how the amount is to be fixed.    That
the court has power to make such an appointment in a proceed-
ing under section 9006 of the Revised Codes, for the summary
removal of a public officer, we have no doubt.    The proceeding,
though it may be instituted by a private person, is a public pro-
ceeding, and, except that it is summary in its nature, is to be
classed as a prosecution for crime.    (Rev. Codes, sec. 8107;
*State ex rel. Rowe* v. *District Court,* 44 Mont. 318, Ann. Cas.
1913B, 396, 119 Pac. 1103; *State* v. *Driscoll,* 49 Mont. 558, 144
Pac. 153.)    In *State ex rel. Rowe* v. *District Court, supra,* it
was referred to as a *quasi*-criminal proceeding; yet, since under
section 9006 the result of a conviction is removal from office,
and this is defined by section 8107 as a punishment for a crime,
the qualifying term *"quasi"* might as well have been omitted.
Therefore, except when he is himself the accused, the duty de-
volves upon the county attorney to prosecute.    (Rev. Codes,
sec. 3052.)    Section 9309, found in Chapter II, Title VIII,
Part II, relating to trials in criminal cases, provides: ''If the
county attorney fails to attend at the trial, the court must
appoint some attorney at law to perform the duties of the county
attorney before the grand jury or otherwise.''    Any fair con-
struction of this provision leads to the conclusion that the pur-
pose of the legislature in enacting it was to empower the court
to appoint some attorney to perform the duties of the county
attorney whenever, owing to the existence of an emergency
created by the absence of this officer caused by his negligence,
sickness or disqualification, the latter cannot or ought not to

act. Obviously when, with reference to the business on hand, he is wholly disqualified to act by reason of personal interest in it, he may not undertake to act. In such an emergency the court must necessarily have the same power as when the failure to appear is attributable to negligence or disability. Otherwise the accident of his disqualification would wholly interrupt the business of the court.

In appointing Mr. Shea, the court evidently proceeded under [2] section 9005. Apparently this section applies to proceedings instituted by charges preferred by a grand jury under section 8992. We incline to the opinion that it does, for the reason that it refers only to a case in which an accusation is presented by a grand jury. This being so, the calling in of Mr. Shea in his official capacity cannot be upheld under it, for it does not confer upon the court the power to impose any duty upon a county attorney of another county as such, except in the particular emergency named. Nor does it authorize the calling in of a county attorney from any other than an adjoining county. Even so, section 9309 is broad enough to warrant the appointment of some attorney in any criminal case when the emergency contemplated by it arises; and while in making its selection of the attorney the court will usually choose some-one from among the local attorneys, it is not required to do so. It may for the best of reasons be compelled to call upon an attorney residing in another county, as, for illustration, when the local attorneys who are otherwise competent may also themselves be disqualified.

It results from the foregoing considerations that while Mr. Shea was authorized by his appointment to appear and prosecute the accusation, he appeared in his capacity as attorney, and not in his official capacity as county attorney. This brings [3, 4] us to the question whether an attorney appointed to perform the duties of the county attorney in the emergency contemplated by the statute is of right entitled to demand and receive compensation for his services out of the county treasury. We do not find any provision of the statute so declaring. We

think that if Mr. Shea had been called under the authority conferred by section 9005, he would not have been entitled to any compensation, for his appearance would have been in an official capacity in obedience to a requirement which the district judge would have been authorized to make of him as an officer. His services in this capacity would include all the duties imposed upon him by law, and his compensation is his salary, the amount of which is fixed by statute. (Const., Art. VIII, sec. 19; Rev. Codes, secs. 362, 3052–3056, 3116.)

It is contended, however, that though the statute does not provide any compensation, still inasmuch as the services were rendered by Mr. Shea, the county is liable as upon an implied contract to pay what they were reasonably worth. This contention is disposed of, we think, by former decisions of this court. In the early case of *Johnston* v. *Lewis and Clark County,* 2 Mont. 159, the question presented was whether an attorney appointed to defend an indigent person accused of crime was entitled to compensation for his services. The statute then in force (Crim. Prac. Act, sec. 196; Codified Stats. 1871–72, p. 220), required the court to appoint attorneys in such cases, but made no provision for their compensation. The court held that though attorneys so appointed must perform the duties assigned them, they could not recover compensation from the county: (1) Because there was no provision of law for their compensation; and (2) because it was a part of their general duties to render services in such cases when required to do so. In a concurring opinion, Mr. Chief Justice Wade said: ''The statute provides that it shall be the duty of the court to assign counsel to defendants in certain cases, of which this case is one; and the plaintiff rests his case against the county upon the theory that, when the law requires a service to be performed, the presumption necessarily arises that compensation shall be awarded therefor, and that no service can be required unless payment is provided. This would be a forcible proposition to urge before a legislature whose province it is to make laws, but before a court the law must be taken as it is, and not as it ought

to be. The statute does require the service, and it does not provide any means for payment."

In *Sears* v. *Gallatin County,* 20 Mont. 462, 40 L. R. A. 405, 52 Pac. 204, a claim had been presented by plaintiff to the board of commissioners of the county for allowance for services as a member of a *posse comitatus.* This court held that he could not sustain his claim, quoting with approval the following from *State* v. *Baldwin,* 14 S. C. 135: "One who renders service to the state, for which there is no compensation provided by statute cannot, as in the case of services rendered to a private person, raise an implied *assumpsit* against the state, and for such service he has no legal claim, * * * no claim which can be enforced by law."

Again, in *Wade* v. *Lewis and Clark County,* 24 Mont. 335, 61 Pac. 879, the court had before it the question whether under a statute then in force a county surveyor was entitled to mileage for the distance actually traveled in the discharge of his official duties. The statute provided that: "The county surveyor of each county shall receive as full compensation for the performance of his duties as county surveyor, in connection with the roads and otherwise, the sum of five dollars per day." The conclusion was that this officer was not entitled to such mileage because the statute did not impose upon the county liability for it.

After the decision in *Johnston* v. *Lewis and Clark County, supra,* the legislature enacted a provision under which attorneys appointed to defend indigent defendants in criminal cases might claim and receive compensation. from the county in an amount to be fixed by the court as therein prescribed. (Laws 1881, p. 12.) And a like provision is found in section 9189 of the Revised Codes. As we have already said, there is no provision allowing compensation for services performed in pursuance of an appointment under section 9309, *supra.* Since this is so, the court cannot charge the county with it. As was aptly said by Chief Justice Wade in *Johnston* v. *Lewis and Clark County, supra:* "Money can only be drawn from the county treasury

in pursuance of the statute, and as authorized by law, and any order drawn on the treasury without this authority is void. There is no statute in the territory authorizing courts to order attorneys to be paid from the county treasury for services rendered in defending prisoners; there is no statute authorizing the board of commissioners to draw an order on the treasury in payment for such services; and there is no statute authorizing the county treasurer to pay for such service; and in the absence of authority it would be simply judicial legislation, or worse, for the courts to open the door of the treasury to any demands not authorized by law.'' The same rule applies here. Courts cannot legislate; much less may a district court in exercising the authority conferred by the statute create a liability when the legislature has not sanctioned it. Its authority is confined exclusively to the appointment of an attorney to perform the duty required, and does not extend to the employment of an attorney for the county, thus fixing a liability upon the county for any amount.

It may be contended that the state cannot lawfully exact services of an attorney in such cases without compensation. This question we are not required to decide. If it cannot, the attorney is not obliged to perform the services. If he does, he acts with full knowledge that the legislature has made no provision for his compensation, and he cannot demand any.

The district court had no authority to make the order. It is therefore annulled.

*Order annulled.*

MR. JUSTICE SANNER and MR. JUSTICE HOLLOWAY concur.