STATE EX REL. PAYNE, RELATOR, *v.* DISTRICT COURT  
ET AL., RESPONDENTS.

(No. 3,921.)

(Submitted February 10, 1917. Decided March 7, 1917.)

[165 Pac. 294.]

*Mandamus—Officers — County Commissioners — Removal—Collecting Illegal Fees—Accusation—Sufficiency—Constitution.*

Officers—Removal—"Illegal Fees."
> 1. *Held*, on *mandamus*, that the word "fees," as used in section 9006, Revised Codes, providing for the removal of public officers for collecting "illegal fees," is broad enough to comprehend both *per diem* and expenses. (See, also, *State* v. *Story, post*, p. 573.)
>
> [As to exacting illegal fees for compensation as misconduct for which public officer may be removed, see note in **Ann. Cas. 1912C, 147.**]

Same—Accusation—Contents.
> 2. To constitute the offense of collecting illegal fees, the charge must state that the accused is the incumbent of a public office, that, acting by virtue of his office, he collected certain fees, and that the fees collected were illegal, *i. e.*, not authorized by law.

(350)

Same—What are—"Illegal Fees."

3.  Fees are illegal within the meaning of section 9006, Revised Codes, if collected for services never rendered, or never intended to be rendered; if collected for services rendered for which no compensation is allowed by law; or if collected for services at a rate higher than the law allows therefor.

Same—Accusation—Sufficiency.

4.  An accusation charging an officer with collecting illegal fees may be prepared by a layman, and will be held sufficient if it clearly and distinctly sets forth the facts constituting the offense in ordinary and concise language that a person of common understanding may know what is intended.

Same.

5.  An accusation of the character above mentioned is sufficient if it shows upon its face that the fees collected were illegal; a statement that they were illegal, or wherein they were illegal, not being required.

Same—Nature of Proceeding—Constitution.

6.  The words "criminal prosecutions" as used in the Constitution refer to prosecutions for offenses which were crimes at the common law and are crimes under the statute.

Same—Nature of Proceeding.

7.  A proceeding brought for the removal of a public officer under section 9006, Revised Codes, is not a criminal action in the sense that it must be brought in the name of the state, that the public prosecutor must conduct it, or a jury called to try the accused.

*Mandamus*—When Writ Available.

8.  Where the district court refuses to proceed with the trial of a proceeding such as referred to above, because of an erroneous view of a preliminary question of law, *mandamus* lies to get the machinery of the law in motion.

Original application for writ of mandate by the State on the relation of W. W. Payne, directed to the District Court of the Fifth Judicial District, in and for the County of Madison, and Jos. C. Smith, a Judge thereof. Writ issued.

*Mr. Jas. T. Shea,* for Relator, argued the cause orally.

*Mr. M. M. Duncan,* for Respondents, submitted oral argument.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

In June, 1916, accusation in writing verified by W. W. Payne was presented to the district court of the fifth judicial district charging Bert G. Paige, a county commissioner of Madison county, with official misconduct. The accusation is in three counts. By the first it was intended to charge the collection of illegal fees, and by the second and third that Paige was person-

ally and financially interested in certain property which he caused to be purchased by the county. A citation was issued, and the accused appeared and denied the material allegations of the accusation. When the proceeding was brought to trial the court declined to try in a summary manner the issues framed upon the second or third count, and when it was sought to prove the allegations of the first count, an objection to the introduction of any evidence was sustained and the proceeding dismissed. The accusing party then secured from this court an alternative writ of mandate directed to the lower court requiring it to proceed with the hearing or show cause why it refused to do so. Upon the return a motion to quash was interposed and the matter submitted.

The proceeding was instituted under section 9006, Revised Codes. That section does not comprehend such official misconduct as is charged in either the second or third count of the accusation, and for this reason the court correctly refused to try the issues presented upon either of those two counts.

The first count charges that the accused collected illegal fees from Madison county for alleged services rendered by him in his office as county commissioner, in that he presented to and collected from the county his bill for $249 for items, among which are a large number every one of which it is alleged is illegal. Copied in the accusation is a list of these alleged illegal items. A part of that list, sufficient to illustrate the whole, is as follows:

"1915.

June 13, 1 day with Grant, Waterloo ................$8.00
              expense on same day ................... 4.00
       15, 1 day Big Hole road French Ranch.......... 8.00
              and ex............................... 3.50
       17, ½ day Wisconsin Creek lower road.......... 4.00
              ex................................... 2.00
       18, ½ day to road crew with extras............ 4.00
              ex................................... 2.50

"1915.

June 21, 1 day.   See about right of way Cox *et al.*...... 8.00

ex.................................... 5.00

24, ¾ day Point Rocks, Mailey road............ 6.00

ex.................................... 4.00

July  2, ½ day to road crew with extras............. 4.00

ex.................................... 2.00

7, ¾ day Exchange, help road crew............ 6.00

ex.................................. 3.00"

There is a separate charge relating to an item of $12, which it is alleged was collected by the accused as and for expenses incurred by him in connection with his attendance upon a meeting of the board.

1. It is contended that this first count does not state facts sufficient to constitute an offense cognizable under section 9006:

(a) Because the items of expense are not fees within the [1] meaning of the word as used in that section. The term "fees" used in the Codes is somewhat elastic. Section 3172, Revised Codes, provides that "the county surveyor is entitled to receive and collect for his own use the following fees: * * * Expense of chainmen and markers," *etc.* Section 3173: "The coroner is entitled to receive and collect for his own use the following fees: * * * For each mile actually traveled in the performance of any duty, ten cents." We think the term "fees" used in section 9006 is sufficiently broad to comprehend both *per diem* and expenses. (*Burrows* v. *Balfour,* 39 Or. 488, 65 Pac. 1062; 19 Cyc. 462.)

(b) Because it is not alleged that the services for which the charges were made were not rendered, or, if rendered, that the fees received are not authorized by law. Section 9006 is directed against the incumbent of an office who makes use of his official position as a medium for securing fees to which he is not entitled. (*Smith* v. *Ling,* 68 Cal. 324, 9 Pac. 171.) The gist of the offense condemned is the collection of illegal fees by [2] virtue of official position. To constitute the offense, therefore, it must be made to appear (a) that the accused is the in-

cumbent of a public office, (b) that, acting by virtue of his office, he collected certain fees, and (c) that the fees collected were illegal; that is, not authorized by law under the circumstances [3] of the particular case. If the fees were collected for services never rendered, or never intended to be rendered, they would be illegal. (*Rankin* v. *Jauman,* 4 Idaho, 53, 36 Pac. 502.)  If they were collected for services rendered but for which no compensation is allowed, they would be illegal.  (*State ex rel. Rowe* v. *District Court,* 44 Mont. 318, 27 Ann. Cas. 396, 119 Pac. 1103.)  If the accused collected for services rendered more than the law allows for such services, he collected illegal fees within the meaning of section 9006.  (*Leggatt* v. *Prideaux,* 16 Mont. 205, 50 Am. St. Rep. 498, 40 Pac. 377.)

We agree with counsel for the accused that it does not aid the accusation to say that every item in the list above is illegal. These fees are legal or illegal depending upon whether they are, or are not, authorized by law.  A county commissioner can lawfully collect for services performed in virtue of his office only such fees or other compensation as the law specifically authorizes.  The law authorizes *per diem* and mileage for attending the meeting of the board (sec. 2893, Rev. Codes), and *per diem* and expenses while inspecting contract construction work on a highway or bridge, under a proper order of the board.   (Laws 1915, p. 319.)

The statute does not prescribe rules of pleading.  It does [4] contemplate that the accusation may be prepared by a layman.  In any event, it is sufficient if it clearly and distinctly sets forth the facts constituting the offense, in ordinary and concise language and in such manner that a person of common understanding may know what was intended.  (*Woods* v. *Varnum,* 85 Cal. 639, 24 Pac. 843.)

If the items for which the accused charged these fees show [5] on the face of them that they are not authorized by law, there is no necessity to characterize them or attempt to show wherein they are illegal.  They show for themselves.  We think the accusation, in the first count, is sufficient to charge the collec-

tion of illegal fees. In effect it alleges that the accused, acting in his official capacity as county commissioner of Madison county, spent one day seeing about a right of way for which he charged and collected from the county $8 and $5 additional for expenses, *etc.* This item · particularly is not comprehended within any provisions of the law authorizing fees or other compensation to a member of the board of county commissioners for services rendered in his office, and is therefore *prima facie* illegal. There are others of the same general character, and still others which are not *prima facie* illegal but may be illegal or not, depending upon circumstances which are not disclosed by the accusation. Since the first count charges the collection of certain fees which on the face of them appear illegal, it is sufficient to withstand an objection to the introduction of evidence.

2. It is next contended that section 9006 is unconstitutional, in that it attempts to authorize a prosecution for crime by a [6, 7] private individual and the trial and conviction of the accused upon a summary hearing without a jury. Section 8, Article III, of the Constitution provides that all criminal actions in the district court, except those on appeal, shall be prosecuted by information or indictment. Section 16 of the Bill of Rights provides: "In all criminal prosecutions the accused shall have the right to  *  *  *  a speedy public trial by an impartial jury." Section 27, Article VIII, of the Constitution provides that all prosecutions shall be conducted in the name of the state. If the proceeding authorized by section 9006 is a criminal prosecution, within the meaning of those terms as they are used in the Constitution, then it follows as of course that this section is invalid.

"Criminal prosecutions," as those terms are employed in the Constitution, refer to prosecutions for offenses which were crimes at common law and doubtless to statutory offenses. (*McInerney* v. *Denver,* 17 Colo. 302, 29 Pac. 516; 6 Am. & Eng. Ency. Law, 2d ed., p. 974; 6 R. C. L., p. 458.) Section 17, Article V, of the Constitution provides for the removal of cer-

tain officers by impeachment, and section 18 of the same Article declares that officers not liable to impeachment are subject to removal for misconduct or malfeasance in office, in such manner as may be provided by law.   Recalling that our Constitution is a limitation and not a grant of power, it will be seen at once that the provisions of section 18 above added nothing to the power which the legislature would have had in the absence of such provisions.   In other words, the legislature was left entirely free to enact such statutes as it might see fit providing for the removal of officers other than those enumerated in section 17.

Proceedings for the removal of a public officer do not necessarily partake of the nature of a criminal prosecution.   Indeed, the power to remove an unfaithful or negligent public official is not essentially a judicial power.   Under our Constitution, its exercise is left to the legislature itself or to such other authority as the legislature may designate.   This is the plain import of section 18 above, and is the general rule in the absence of any constitutional declaration upon the subject.   (29 Cyc. 1370; *State* v. *Doherty,* 25 La. Ann. 119, 13 Am. Rep. 131; *Territory* v. *Cox,* 6 Dak. 501.)   The power may be conferred upon the governor (*Cameron* v. *Parker,* 2 Okl. 277, 38 Pac. 14) or upon a board.   (*Donahue* v. *Will County,* 100 Ill. 94.)   It may be conferred upon a court of general or limited jurisdiction to be exercised in the mode provided by law, and consequently, if the legislature sees fit to require a jury trial, a jury trial must be had; but if it sees fit to provide for a summary hearing without a jury, no constitutional right of the accused is infringed.   (*Rankin* v. *Jauman,* above.)

Many of the states have statutes similar to our section 9006, and they have been upheld uniformly.   The proceeding need not be in the name of the state, and an accusation in the form of an affidavit meets all the requirements of the statute. (*Wood* v. *Varnum,* above.)   In *State ex rel. Rowe* v. *District Court,* above, this court held that the proceeding authorized by section 9006 is *quasi*-criminal in character, but that the accused

is not entitled to a jury trial. (Page 327.) Doubtless it would be more nearly accurate to say that the proceeding is a special statutory one and avoid any attempt at arbitrary classification. It is one clearly authorized by law in the exercise by the legislature of its plenary power. It is initiated by a private individual. It need not be in the name of the state. The accused is not entitled to a trial by jury, and it is not a criminal action in the sense that the public prosecutor must conduct the proceeding.

There are expressions by way of *dicta* to be found in *State ex rel. McGrade* v. *District Court,* 52 Mont. 371, 157 Pac. 1157, which indicate a contrary view; but on examination it will be found that the particular questions to which such expressions are directed were not necessarily involved in the decision of that case. The only question there presented was whether an attorney called upon to conduct such a proceeding is entitled as of right to compensation from the county for his services, and it was held that he is not, because the statutes do not provide for such compensation.

3. Is *mandamus* an available remedy? Section 9006 makes no provision for an appeal or other means of review. The trial court refused to proceed because of an erroneous view of a preliminary question of law, and in such case *mandamus* will lie to get the machinery of the law in motion. (*State ex rel. Arthurs* v. *Board of County Commrs.,* 44 Mont. 51, 118 Pac. 804.)

It is ordered that a peremptory writ of mandate issue, directed to the district court, requiring it to reinstate the proceeding and try the issue presented upon the first count of the accusation.

*Writ issued.*

Mr. Chief Justice Brantly and Mr. Justice Sanner concur.

Rehearing denied May 28, 1917.