STATE EX REL. PAIGE, RELATOR, v. DISTRICT COURT ET AL., RESPONDENTS.

(No. 4,131.)

(Submitted November 23, 1917. Decided January 7, 1918.)

[169 Pac. 1180.]

*Officers — Removal—Illegal Fees—Statutes—Amendment—Effect on Jurisdiction.*

County Commissioners—Removal—Statutes—Amendment—Jurisdiction.
  1.   After an accusation for collecting illegal fees had been brought against a county commissioner under section 9006, Revised Codes, but before the defendant was brought to trial, the section was amended so as to change not only the procedure but the very basis of the right. Neither Constitution nor statute provides for a general saving clause. *Held*, that in the absence of such clause or a special provision in the amendatory Act saving all proceedings pending under section 9006, the court was without jurisdiction of the subject matter of the accusation either under the old or the new Act.
Statutes—Amendment—Effect.
  2.   Where the legislature declares that an existing statute is amended "to read as follows," the new Act takes the place of the old one exclusively, all portions of the original statute omitted from the amended one being repealed.
  [As to when change in statute is to be regarded as creating new statute instead of being a mere amendment, see note in Ann. Cas. 1914, 1171.]

Original application by the State, on relation of Bert G. Paige, for writ of prohibition to the District Court of the Fifth Judicial District in and for the County of Madison and William A. Clark, a Judge thereof.   Writ issued.

*Mr. M. M. Duncan* and *Mr. J. R. Jones,* for Relator, submitted a brief; *Mr. Duncan* argued the cause orally.

*Mr. James T. Shea,* for Respondents, submitted a brief and argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This proceeding presents the inquiry: May a county commis-
[1]  sioner be tried now upon an accusation presented against him pursuant to section 9006, Revised Codes, for collecting illegal fees—the statute having been changed after the accusation was filed, but before the accused was brought to trial?   The circumstances out of which this proceeding arises are set forth fully in *State ex rel. Payne* v. *District Court,* 53 Mont. 350, 165 Pac. 294.

Under section 9006 a county commissioner was liable to removal from office for collecting illegal fees.   If the bare fact appeared that, acting by virtue of his office, the commissioner had collected fees not authorized by law, but one result could follow, namely, his removal from office.   He could offer no excuse.   His ignorance of the law, his good faith, or his honest belief that he was entitled to the fees availed him nothing; neither could he be heard to say that the county had received full value in the services for which the fees were charged.   A criminal intent or sinister purpose was not an ingredient of the offense defined, and it was therefore only necessary to allege the official capacity of the accused and that, acting by virtue of his office, he collected certain fees which the law did not authorize.  (*Leggatt* v. *Prideaux,* 16 Mont. 205, 50 Am. St. Rep.

498, 40 Pac. 377; *State ex rel. Rowe* v. *District Court,* 44 Mont. 318, Ann. Cas. 1913B, 396, 119 Pac. 1103.)

By an Act approved February·14, 1917 ʾ(Laws 1917, Chap. 25), it is declared that section 9006 is amended "to read as follows." Then follows the new enactment. Not only are the two statutes radically different in matters of procedure, but the very basis of the right is changed altogether. The gist of the offense defined by section 9006 was taking illegal fees, whether done ignorantly, in good faith, or with a dishonest purpose. The gist of the offense defined by the amended statute is the criminal intent. Unless the accused collects the illegal fees knowingly, willfully and corruptly, he commits no offense under the new Act. Under the original statute the accused was not entitled to a jury trial, but he is under the new Act. Under this new provision he may offer evidence of good faith, honest mistake or value received by the county, whereas under section 9006 none of these matters was relevant.

When the legislature declares that an existing statute is to be [2] amended "to read as follows," *etc.,* it thereby evinces an intention to make the new Act a substitute for the old one, and to make it take the place of the amended Act exclusively. (*City of Helena* v. *Rogan,* 27 Mont. 135, 69 Pac. 709.) In other words, so much only of the original Act as is repeated in the new statute is continued in force (section 119, Rev. Codes), and all portions omitted from the new Act are repealed. This is a general rule of construction (36 Cyc. 1083), and added emphasis is given to it in this instance by section 2 of the new Act, which repeals all Acts or parts of Acts inconsistent with it.

In this state we have no general saving clause provided by Constitution or statute for offenses other than those prosecuted by indictment or information, and the failure of the legislature, in enacting Chapter 25 above, to incorporate a clause saving all proceedings then pending under section 9006, deprived the district court of jurisdiction of the subject matter of the accusation. This is likewise a general rule, particularly applicable to the repeal of a statute which created a cause of action and conferred

jurisdiction over the same as did section 9006.    (36 Cyc. 1228; *Pullen* v. *City of Eugene*, 77 Or. 320, Ann. Cas. 1917D, 933, 939, 146 Pac. 822, 147 Pac. 768, 1191, 151 Pac. 474.)

The accused cannot be tried for the offense defined by section 9006, for there is not now any such offense known to the law. He cannot be tried under the new statute, for at the time he committed the acts complained of there was not any such offense as is defined by Chapter 25 above.

The peremptory writ of prohibition will issue.

Mr. Justice Sanner concurs.

Mr. Chief Justice Brantly, being absent, takes no part in the foregoing decision.