STATE EX REL. BULLOCK, RELATOR, *v.* DISTRICT COURT
ET AL., RESPONDENTS.

(No. 5,006.)

(Submitted January 27, 1922. Decided March 27, 1922.)

[205 Pac. 955.]

*Public Officers—Removal—Jury Trial.*

County Officers—Removal—Neglect of Duty—Jury Trial.
1. *Held,* that an officer (county clerk), charged with willful neglect of duty is not entitled to a trial by jury in a proceeding for his removal from office.
Public Office not Private Property.
2. Public office is not the private property of the person elected to it, but is held subject to legislative action, including removal for such cause as the legislative assembly may deem sufficient.

Original application for Writ of Supervisory Control by the State of Montana, on relation of W. L. Bullock, County Attorney of Pondera County, and directed to the District Court of Pondera County and the Honorable William E. Carroll, Judge presiding. Writ granted.

*Messrs. Pray, Callaway & Toole,* for Relator, submitted a brief; *Mr. Lew. L. Callaway* argued the cause orally.

*Messrs. Speer & Gerth* and *Mr. Harry Meyer,* for Respondents, submitted an original and a supplemental brief; *Mr. Otto A. Gerth* and *Mr. Meyer* argued the cause orally.

MR. JUSTICE COOPER delivered the opinion of the court.

This is an original application for a writ of supervisory control directed to the district court of Pondera county and Hon. William E. Carroll, judge presiding.

On October 5, 1921, the county attorney of Pondera county filed in the district court a written accusation against James T. Green, praying his removal as county clerk for neglect

---

1. For authorities passing upon the question of right to jury trial for removal of public officer, see notes in 3 A. L. R. 232 and 8 A. L. R. 1476.

and refusal to perform his official duties. In one paragraph
it is charged that ever since the seventh day of March, 1921,
as county clerk, he has willfully refused to make a full and
complete statement of the financial condition of his county
as required by sections 2953 and 3045 of the Revised Codes
of 1907. In another, that he willfully neglected and refused
to file a copy of the assessment-book or the original thereof,
with the county treasurer on the first Monday in October,
1920, as prescribed by section 2609. The eighth paragraph
charges that in eighteen specific instances he performed the
services required of him as county clerk, collected the legal
fees chargeable therefor (section 3139), but on each occasion
willfully refused to enter, in the reception fee-book provided
by law, the full amount so charged and received, and in
each instance has willfully paid into the county treasury an
amount less than the legal fee so· collected. In still another
paragraph it is alleged that, as county clerk, he charged
and collected as a legal fee the sum of $15.85 for the services
of a clerk and deputy in his office in searching and transcrib-
ing certain records of Teton county, but has willfully re-
fused and neglected to perform his official duty to enter the
same in the reception fee-book, or to pay any part of that
amount into the county treasury.

Honorable John J. Greene, the judge of the nineteenth judi-
cial district, being disqualified, Honorable C. W. Pomeroy,
judge of the eleventh judicial district, appeared in court pre-
pared to try the cause. The defendant demanded a jury
trial. This the court denied. The defendant then filed an
affidavit charging Judge Pomeroy with bias and prejudice.
At the instance of the governor, Honorable William E. Car-
roll, a judge of the second judicial district, on the tenth
day of January, 1922, appeared and assumed jurisdiction of
the cause. The defendant entered a plea of not guilty and
again demanded a jury trial. Judge Carroll annulled the
order of Judge Pomeroy denying defendant a trial by jury,
and set the cause for trial on Monday, February 6, 1922,

before himself as judge and a jury to be impaneled and sworn on that day. To test the legality of the order last made, this proceeding was commenced.

The relator's contention is that, the charges to be tried being for misconduct involving willful refusal and neglect to perform official duty, the defendant Green is not entitled to a jury trial. The respondents insist that the charges involve a "criminal prosecution" under section 3 of Article III of the Constitution, and that Green is entitled to a jury trial as a matter of right.

Since the attempted disqualification of Judge Pomeroy, this court has held that in removal proceedings a judge may not be disqualified for imputed bias and prejudice. (*State ex rel. Houston* v. *District Court,* 61 Mont. 558, 202 Pac. 757.)

By the provisions of section 9006 of the Revised Codes of [1] 1907 as amended by Chapter 25 of the Session Laws of 1917, a public officer is subject to removal if he has willfully refused or neglected to perform his official duty, or "has knowingly, willfully or corruptly" charged and collected "illegal fees for services rendered or to be rendered." He is to be cited into court "not more than ten or less than five days from the time the accusation" is filed, and the time for the hearing or trial set. If the charges are sustained, a judgment of removal from office is to be rendered and costs allowed as in civil actions. The gist of the offense charged in this case is willful neglect of duties imposed by law, and not the collection of illegal fees.

For the purpose of fixing penalties for all crimes and offenses punishable at all, section 8107 of the Revised Codes of 1907 was enacted. In that statute death is prescribed as the penalty for murder in the first degree; for lesser crimes and offenses, fine and imprisonment; and lastly, for misconduct or malfeasance in office, removal therefrom and disqualification to hold public office again. By the provisions of Chapter 25, *supra,* the offender has a right to a jury trial upon a charge for the collection of illegal fees. For neglect,

or nonfeasance, he has not. The accusations in the present case are that the county clerk failed and neglected to perform official duty. That removal proceedings are special and statutory, all the authorities declare. (*State ex rel. Payne* v. *District Court*, 53 Mont. 350, 165 Pac. 294; *State ex rel. Rowe* v. *District Court*, 44 Mont. 318, Ann. Cas. 1913B, 396, 119 Pac. 1103; *State ex rel. Houston* v. *District Court, supra; Gay* v. *District Court*, 41 Nev. 330, 3 A. L. R. 224, note, 171 Pac. 156; *State ex rel. Kirby* v. *Henderson*, 145 Iowa, 657, Ann. Cas. 1912A, 1286, 124 N. W. 767; *People ex rel. Clay* v. *Stuart*, 74 Mich. 411, 16 Am. St. Rep. 644, 41 N. W. 1091; *Ashley* v. *Three Justices of Superior Court*, 228 Mass. 63, 8 A. L. R. 1463, 116 N. E. 961; *Rankin* v. *Jauman*, 4 Idaho, 53, 36 Pac. 502; *State* v. *Leach*, 60 Me. 58, 11 Am. Rep. 172.) These authorities also hold that the right to hold public office is not a property right of which the guilty official may not be divested in a proper case upon sufficient proof. Both the *Payne* and the *Rowe Cases*, above cited, involved proceedings for the removal of public officers charged with the collection of illegal fees, but not liable to impeachment. Mr. Justice Holloway expressed the views of this court in the *Payne Case* as follows: "Section 17, Article V, of the Constitution provides for the removal of certain officers by impeachment, and section 18 of the same Article declares that officers not liable to impeachment are subject to removal for misconduct or malfeasance in office, in such manner as may be provided by law. Recalling that our Constitution is a limitation and not a grant of power, it will be seen at once that the provisions of section 18 above added nothing to the power which the legislature would have had in the absence of such provisions. In other words, the legislature was left entirely free to enact such statutes as it might see fit providing for the removal of officers other than those enumerated in section 17. * * * In *State ex rel. Rowe* v. *District Court*, above, this court held that the proceeding authorized by section 9006 is *quasi*-criminal in character, but that the

accused is not entitled to a jury trial.  (Page 327.)  Doubt-
less it would be more nearly accurate to say that the pro-
ceeding is a special statutory one and avoid any attempt at
arbitrary classification.  It is one clearly authorized by law
in the exercise by the legislature of its plenary power.''  The
same character of proceeding was again reviewed in *State ex
rel. Paige* v. *District Court,* 54 Mont. 332, 169 Pac. 1180.
Of section 9006 and Chapter 25, *supra,* Mr. Justice Holloway
for this court said: ''The gist of the offense defined by section
9006 was taking illegal fees, whether done ignorantly, in good
faith, or with a dishonest purpose.  The gist of the offense
defined by the amended statute is the criminal intent.  Unless
the accused collects the illegal fees knowingly, willfully and
corruptly, he commits no offense under the new Act.  Under
the original statute the accused was not entitled to a jury
trial, but he is under the new Act.  Under this new provision
he may offer evidence of good faith, honest mistake or value
received by the county, whereas under section 9006 none of
these matters was relevant.''

The right of the legislature to enact these statutes comes
from the exigencies of government and inherent legislative
power.  Therein no attempt is made to go beyond conviction
and removal of the guilty.  When the judgment is entered
and executed by removal from office, the statute has spent its
force without loss to the accused of any of the constitutional
guaranties, including the right to a trial by jury in a ''crim-
inal prosecution.''  (*State ex rel. Payne* v. *District Court,*
[2]  *supra.*)  Public office is not the private property of the
person elected to it.  (*Taylor* v. *Beckham,* 178 U. S. 548, 44
L. Ed. 1187, 20 Sup. Ct. Rep. 890, 1009; *Gray* v. *McLendon,*
134 Ga. 224, 67 S. E. 859), but a public trust to be adminis-
tered according to law and in the interests of the people by
whose grace it is bestowed.  It is taken in full view of all
the vicissitudes of legislative action, including removal for
such cause as the legislative assembly may deem sufficient.
The order granting the demand of the accused for a jury

trial cannot be upheld without an unwarranted interference with the polity of government entrusted to legislative discretion.

The order made by Judge Pomeroy denying the defendant a trial by jury was proper under the law, and therefore the order of Judge Carroll is hereby annulled and set aside, and that made by Judge Pomeroy reinstated.

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE GALEN concur.

MR. JUSTICE HOLLOWAY concurs in the result.

MR. JUSTICE REYNOLDS, being absent, did not hear the argument and takes no part in the foregoing decision.