STATE ex Rel. GALBREATH, Relator, v. DISTRICT COURT et al., Respondents.

(No. 7,964.)

(Submitted April 14, 1939. Decided June 5, 1939.)

[91 Pac. (2d) 424.]

*Mr. W. R. McDonald* and *Mr. S. J. Rigney,* for Relator, submitted an original and a reply and supplemental brief; *Mr. Rigney* argued the cause orally.

*Messrs. Ford & Fitzstephens* and *Mr. Sam D. Goza, Jr.,* for Respondents, submitted a brief; *Mr. S. C. Ford* and *Mr. Goza* argued the cause orally.

MR. JUSTICE MORRIS delivered the opinion of the court.

Relator in April, 1938, was duly elected trustee of School District No. 8 in Glacier county, a district of the third class. In November, 1938, an action was commenced against him in respondent court by W. A. Brown, as state examiner, to remove him from office under section 11702, Revised Codes, for charging and collecting illegal fees. A demurrer to the complaint was sustained, and on December 10, 1938, an amended accusation was filed making the same charge but in different language. The demurrer to the amended accusation was overruled. Relator here filed his answer to the amended accusation on January 28, 1939. On March 7 the board of county commissioners, apparently acting under section 999, Revised Codes, suspended him from his office. On March 17 relator moved to dismiss the

amended accusation on the ground that the action was not brought to trial within forty days from the time the accusation was presented, as required by section 11702, Revised Codes. This motion was denied. Relator seeks the supervisory power of this court to annul the order of the respondent court in denying his motion to dismiss the accusation. Relator predicates his claim of right to the writ solely on the ground that he was entitled to have the proceeding dismissed for the reason that the matter was not heard by the district court within forty days after the accusation was filed and served, pursuant to the provisions of section 11702, supra.

Section 11702 provides: "When an accusation in writing, ▮ verified by the oath of any person, is presented to the district court, alleging that any officer within the jurisdiction of the court has been guilty of knowingly, wilfully, and corruptly charging and collecting illegal fees for services rendered, or to be rendered, in his office, or has wifully refused or neglected to perform the official duties pertaining to his office, the court must cite the party charged to appear before the court at a time not more than ten nor less than five days from the time the accusation was presented; and on that day, or some other subsequent day not more than forty days from the date on which the accusation was presented, must proceed to hearing, in a summary manner, or trial, upon the accusation and evidence offered in support of the same, and the answer and evidence offered by the party accused; provided, if the charge be for the charging and collecting of illegal fees or salaries, the trial must be by jury, if the defendant so demands, and conducted in all respects and in the same manner as the trial of an indictment for a misdemeanor, and the defendant shall be entitled, as a matter of defense, to offer evidence of, and the jury under proper instructions shall consider, his good faith or honest mistake, if any be shown, and the value received by the state, county, township, or municipality against whom the charges or fees were made. If, upon such hearing or trial, the charge is sustained, the court must enter a judgment that the party accused be deprived of his office, and for such costs as are allowed in civil cases; and if the

charge is not sustained, the court may enter a judgment against the complaining witness for costs as are allowed in civil cases."

As above noted, the accusation here is that relator charged and collected illegal fees. At the oral argument of this cause we were advised that relator demanded a jury trial of the accusation against him; that this is so is apparent, also, from the relator's application wherein he recites that the respondent court in denying the motion stated "that a jury would not be impaneled or called until the court called a regular jury term for regular jury duty which would not be before next fall or winter."

Does section 11702, so far as the forty-day period is concerned, relate to an accusation for charging and collecting illegal fees where a jury trial is demanded? We think it does.

Until 1917 our statute was the same as the California Penal Code, section 772, excepting that the California statute required the hearing within twenty days after the presentment of the accusation. The provision for jury trial was inserted in our statute by amendment in 1917. The supreme court of California, in *Cline* v. *Superior Court of Los Angeles County*, 184 Cal. 331, 193 Pac. 929, 930, said: "The section does not by its terms provide for or contemplate a trial by jury. It declares that when the accusation is presented 'the court must cite the party charged to appear before the court,' not less than 5 nor more than 10 days thereafter, and then or within 20 days from the time of presentation 'must proceed to hear, in a summary manner, the accusation,' and if the charge is sustained 'must enter a decree' that the party be deprived of his office. No provision is made for summoning a jury, and, as the trial must take place in a summary manner, and must be begun within 20 days, it is evident that the delays incident to the drawing, summoning, and impaneling of a jury were not contemplated." As above noted, we amended our section in 1917 to provide for jury trials.

Our judicial history of the question of removal from office by accusation is set out fully in *State ex rel. Odenwald* v. *District Court*, 98 Mont. 1, 38 Pac. (2d) 269. That proceeding in-

volved an attempt to remove the county commissioners of Fergus county under an accusation in which the collection of illegal fees was a vital feature. The matter came here on a petition for writ of supervisory control, and while the particular question there involved was different from the questions involved in the case at bar, the conclusions of the court involved the questions we have under consideration. On page 7 of that opinion in 98 Mont. (38 Pac. (2d) on page 271), it was said: ''Before the day set for the hearing or trial 'upon the accusation and evidence' to be 'offered in support of' the accusation, i. e., October 10, the court ordered the proceedings dismissed; consequently, the hearing or trial required to be had, or begun, within forty days from the presentation of the accusation, was never started. Under the statute the hearing must be commenced on the merits within forty days after September 22, or by November 1, 1934. This court will take judicial notice of the statute and of its rules, and must conclude that an appeal from the order and judgments entered could not be perfected, presented, and determined between October 10 and November 1, and relator's right to have his accusations heard within the limit of time prescribed by the statute would be lost by resort to the remedy by appeal.''

This portion of the opinion just recited relates to the question of proceeding with the trial of the accusation within forty days as provided by the statute. It was further said in that case: ''This question has been given consideration by this court in a number of decisions. Prior to 1917 such actions were governed by the provisions of section 9006 of the Codes of 1907, and, in construing that section, Chief Justice Brantly, speaking for the court, declared: 'It is evident that the legislature intended to make this proceeding a quasi criminal prosecution.' (*State ex rel. Rowe* v. *District Court,* 44 Mont. 318, 119 Pac. 1103, 1106, Ann. Cas. 1913B, 396.) 'Yet, since under section 9006, the result of a conviction is removal from office, and this is defined by section 8107 (now section 10721 of the Revised Codes of 1921) as a punishment for a crime, the qualifying term *''quasi''* might

as well have been omitted.' (*State ex rel. McGrade* v. *District Court*, 52 Mont. 371, 157 Pac. 1157, 1158.) However, when the contention was made that section 9006 was unconstitutional as violating the constitutional guaranty of a jury trial in criminal cases and the provision that all such cases shall be prosecuted by information or indictment and conducted by the public prosecutor (section 8, Art. III, and section 27, Art. VIII, Constitution), Mr. Justice Holloway, speaking for the court, characterized the expression found in the McGrade Case as '*dicta*,' quoted from the Rowe Case and, explaining that 'doubtless, it would be more nearly accurate to say that the proceeding is a special statutory one and avoid any attempt at arbitrary classification,' declared the law unconstitutional. Chief Justice Brantly concurred. (*State ex rel. Payne* v. *District Court*, 53 Mont. 350, 165 Pac. 294, 296.)

"In 1917 the law was amended to read as we now find it in section 11702 (sec. 1, Chap. 25, Laws of 1917). The change in the law is clearly pointed out by Justice Holloway, for the court, as follows: 'Not only are the two statutes radically different in matters of procedure, but the very basis of the right is changed altogether. The gist of the offense defined by section 9006 was taking illegal fees, whether done ignorantly, in good faith, or with a dishonest purpose. The gist of the offense defined by the amended statute is the criminal intent. * * * Under the original statute the accused was not entitled to a jury trial, but he is under the new Act.' (*State ex rel. Paige* v. *District Court*, 54 Mont. 332, 169 Pac. 1180, 1181. * * *

"The extent of the statutory requirement is that, when an accusation is presented, the hearing, or trial, must be commenced thereon within forty days. This is in no sense a statute of limitation against the prosecution of the charges made. Of course, as the statute contemplates a speedy trial in such matters, delays by presentation and dismissal for the purpose of delay should not be countenanced, but this is a matter under the control of the trial court on motion for leave to dismiss."

It will be noted that in the quotation of the *Odenwald Case, State ex rel. Paige* v. *District Court,* 54 Mont. 332, 169 Pac. 1180, was cited as follows: ''Under the original statute the accused was not entitled to a jury trial, but he is under the new Act.'' While there has been more or less disagreement in the various decisions of this court in interpreting section 11702, when taken as a whole and when the mandatory features of the statute are considered, relative to accusations for the taking of illegal fees, we are convinced that the accused in the case at bar was entitled to a jury trial and also was entitled to have the proceeding commenced within the forty days as provided by ██ the statute. Furthermore, there is serious doubt as to the statutory power of the plaintiff to maintain the action. (See secs. 215 and 216, Rev. Codes.)

Let a writ issue commanding the district court to annul its order denying the motion of the accused to dismiss the action and grant the motion.

Mr. Chief Justice Johnson and Associate Justices Stewart and Erickson concur.

Mr. Justice Angstman:

I dissent. When the legislature amended our section in 1917 to provide for jury trials in certain cases on demand of the accused, it contemplated the delays incident to the drawing, summoning and impaneling of a jury, and made special provision to that end by providing that in such a case the trial must be ''conducted in all respects and in the same manner as the trial of an indictment for a misdemeanor.'' It seems to me clear that trials under section 11702 are to be commenced within forty days and the hearing to be in a summary manner only when the trial is by the court without a jury; otherwise it shall be tried as an indictment for a misdemeanor. The effect of the amendment relating to jury trials was to obviate the summary trial commenced within forty days from the date on which the accusation was presented, and to place the trial in the same

category as misdemeanor cases. And as to those the right of dismissal does not follow as a matter of course even though the trial be not had within six months after the filing of the complaint. (*State* v. *Schnell,* 107 Mont. 579, 88 Pac. (2d) 19.) Here the accused has demanded a jury trial, and I think the forty-day period has no application in such a case. To construe the statute otherwise presents grave doubts as to its constitutionality. (*Atchison, T. & S. F. Ry. Co.* v. *Long,* 122 Okl. 86, 251 Pac. 486; *Riglander* v. *Star Co.,* 98 App. Div. 101, 90 N. Y. Supp. 772; Id., 181 N. Y. 531, 73 N. E. 1131; *Schario* v. *State,* 105 Ohio St. 535, 138 N. E. 63; *Lorraine* v. *McComb,* 220 Cal. 753, 32 Pac. (2d) 960.) An ambiguous statute should be so construed as to uphold its validity, if possible.

My associates have cited and quoted at length from the case of *State ex rel. Odenwald* v. *District Court,* 98 Mont. 1, 38 Pac. (2d) 269. The question here involved was not considered in that case. I am unable to understand how my associates obtain any support for their opinion from that case.

I think the district court properly denied the motion to dismiss.