THE STATE OF MONTANA ex rel. ROBERT G. ARNOT, ROBIN MacNAB, WALTER G. MORRIS, FRANCIS B. WELCH, AND JACK E. WILEY, RELATORS, v. THE DISTRICT COURT OF THE FIRST JUDICIAL DISTRICT OF THE STATE OF MONTANA, IN AND FOR THE COUNTY OF LEWIS AND CLARK AND THE HONORABLE VICTOR H. FALL, PRESIDING JUDGE, RESPONDENTS.

No. 11903.
Submitted July 7, 1970.
Decided July 14, 1970.
472 P.2d 302.

Sandall, Moses & Cavan, Charles Moses argued, Billings, Garlington, Lohn & Robinson, Sherman V. Lohn argued, Missoula, Hutton, Schiltz & Sheehy, John C. Sheehy argued, Billings,

Landoe & Gary; H. B. Landoe argued, Bozeman, Smith, Emmons & Baillie, Robert J. Emmons argued, Great Falls, for appellants.

Robert L Woodahl, Atty. Gen., Helena, Cresap S. McCracken argued, Sp. Asst. Atty. Gen., Great Falls, Lawrence Huss argued, Asst. Atty. Gen., Helena, for respondents.

PER CURIAM:

Original proceeding.

This is an application for supervisory control by the individual members of the Montana Liquor Control Board seeking dismissal of a removal petition against them in respondent district court.

On May 22, 1970, the Attorney General filed a petition in the district court of Lewis and Clark County against the five individuals comprising the Montana Liquor Control Board seeking to remove them from office for having "wholly failed and neglected to maintain the records required by section 4-153(4), R.C.M.1947, showing disposition of liquors received as samples * * *". Summary removal was sought pursuant to section 94-5516, R.C.M.1947 providing for removal of "* * * any officers * * * [who] has wilfully refused or neglected to perform the official duties pertaining to his office * * *".

Thereafter by motion to dismiss or by defense incorporated in his answer, each defendant sought dismissal of the removal petition on the ground that it failed to state a claim against him on which relief could be granted Additionally some of the defendants filed motions to strike and a motion for summary judgment. The deposition of Larry Lewis, audit supervisor in the office of the legislative auditor, was taken. All motions of the defendants were denied and the case was set for trial on July 8 before the district court sitting with an advisory jury.

The instant application for supervisory control was filed with this Court on July 6 and was argued by attorneys for all parties the following day. Following this hearing, we entered our order

of July 7 directing the repondent court·to dismiss the removal petition before it and indicated that our formal opinion would follow. This constitutes our formal opinion.

The issues presented herein are legal issues, not issues of fact requiring a trial. The underlying issues can be summarized in this manner: (1) Must a willful refusal or neglect to perform official duty be charged and proved? (2) Is supervisory control a permissible remedy? (3) Are members of the Montana Liquor Control Board subject to summary removal under section 94-5516, R.C.M.1947?

Directing our attention to the first issue, petitioner below argues that any neglect of official duty constitutes grounds for summary removal irrespective of its willfullness. Thus, it is argued, all that is required is pleading and proof of refusal or neglect to perform any official duty prescribed by law. Intent is irrelevant. Nonfeasance or omission to perform an official duty constitutes grounds for removal, as well as misfeasance or malfeasance. So goes the argument of petition below.

On the other hand, the Board members contend that willful neglect or willful refusal to perform official duties must be pleaded and proved against them; that omission to perform an official duty standing alone is insufficient to support a removal petition. They argue that the gist of an offense supporting removal is intent, i. e. willful conduct. Unintentional or inadvertent omission to perform an official duty does not constitute grounds for removal, according to them.

In analyzing this issue, let us begin at the beginning. The removal petition charges the members of the Montana Liquor Control Board with having "wholly failed and neglected" to maintain records showing the disposition of liquors received as samples as required by section 4-153(4), R.C.M.1947. This statute reads as follows:

"(4). The prohibition contained in subsection (3) of this section does not prohibit the board from receiving samples of liquor for the purpose of quality determination. The board

shall maintain written records of all samples received; such records shall show the brand name, amount, from whom received; and the name of the person to whom the sample was delivered or other final disposition.''

We note that the sole ground on which removal is sought is failure and neglect to maintain written records showing ''the name of the person to whom the sample was delivered or other final disposition.'' There is no charge that the Board members did not maintain written records showing all samples received, the brand· name, the amount, or from whom the sample was received. Nor is there any charge of any shortage or misappropriation of liquors or liquor revenues. The removal charge is based entirely on inadequate record keeping.

We also note that the ground for removal is not alleged either in words or in substance in the language of the statute. The charge contained in the petition is that the members of the board ''have wholly failed and neglected'' to maintain certain records. The pertinent statutory ground for removal requires that an officer ''has willfully refused or neglected to perform'' the official duties pertaining to his office. The difference is readily apparent. The statutory language is cast in terms of willful refusal or neglect whereas the petition omits the willful element from the dereliction charged.

Does this make any difference? Aside from the grammatical construction and language used in the statute, we find a further indication of what the legislature intended the statute to require in the history of its enactment and subsequent amendment.

The original enactment of the statute occurred when the penal code was adopted in 1895. This original statute was designated as section 1545 of that code and provided, in pertinent part, that when a verified written petition is presented to the district court ''alleging that any officer * * * *has refused or neglected to perform the official duties pertaining to his office* * * *''* (emphasis supplied) he shall be cited into court, tried, and if the charge ars sustained, deprived of his office.

This original statute was reenacted in identical terms as section 9006. Revised Codes of 1907. However, it was amended by Chapter 25 of the Session Laws of 1917 by repeal of the former statute and enactment of a different statute. The new statute provided that when a verified written petition is presented to the district court "alleging t h a t any officer * * * *has wilfully refused or neglected to perform the official duties pertaining to his office"* (emphasis supplied), such officer shall be cited into court, tried, and if the charges are sustained, deprived of his office. This statute has been reenacted in its present form in subsequent codifications in 1921, 1935 and 1947 and now appears as section 94-5516, R.C.M.1947.

Although not precisely in point because they involved a removal petition against a county commissioner for collection of illegal fees, two cases heretofore decided by this Court are illuminating and persuasive on the change wrought by the 1917 amendment. These companion cases are State ex rel. Payne v. District Court (1917), 53 Mont. 350, 165 P. 294 and State ex rel. Paige v. District Court (1918), 54 Mont. 332, 169 P. 1180. In the former case before the 1917 amendment, this Court held that the gist of the offense condemned by the statute as it then existed was the collection of illegal fees by virtue of official position and all that needed to be proved to constitute the offense was that the individual involved was a public officer, that he collected certain fees by virtue of his office, and that the fees collected were not authorized by law. In the latter case after the 1917 amendment, this Court held that the very basis of the right of removal had been changed by the amendment, using this language:

"The gist of the offense defined [by the earlier statute] was taking illegal fees, whether done ignorantly, in good faith, or with a dishonest purpose. The gist of the offense defined by the amended statute is the criminal intent Unless the accused collects the illegal fees knowingly, willfully, and corruptly, he commits no offense under the new act. * * *."

If the gist of that offense was changed there by addition of the words "knowingly, willfully and corruptly" with respect to the collection of illegal fees by an officer, is it not equally true that the gist of the dereliction is changed here by addition of the word "willfully" with respect to refusal or neglect of an officer to perform the official duties pertaining to his office? It is apparent that the legislature intended to amend the then existing law by insertion of the word "willfully" preceding "refused or neglected to perform the official duties pertaining to his office". To hold otherwise would amount to a determination that the legislature added the word "willfully" without purpose or meaning. We will not indulge in any such conclusion.

For the foregoing reasons we hold that a willful refusal or neglect to perform the official duties pertaining to his office is required to be alleged and proven to summarily remove an officer pursuant to section 94-5516. As such dereliction is not charged in the removal petition before us, it must be dismissed.

The second issue presented is whether the failure of the district court to dismiss the petition can be heard and determined by this Court in a special proceeding for a writ of supervisory control. This issue is entirely a procedural matter unrelated to the substantive rights of the parties. Nonetheless it must be answered to provide an ultimate determination of this controversy.

Petitioner below contends that the application for a writ of supervisory control is unwarranted in the instant case because the remedy by appeal after trial is available and because the petition for supervisory control does not allege circumstances of an emergency nature authorizing intervention by this Court by means of an extraordinary writ.

Article VIII, Sec. 3 of the Montana Constitution grants the Montana Supreme Court the "power in its discretion to issue and to hear and determine writs of habeas corpus, mandamus, quo-warranto, certiorari, prohibition and injunction, *and such*

*other original and remedial writs as may be necessary or proper to the complete exercise of its appellate jurisdiction.*" (Emphasis supplied).

Rule 17(a) of the Montana Rules of Appellate Civil Procedure provides:

"\* \* \* *The institution of such original proceedings in the Supreme Court is sometimes justified by circumstances of an emergency nature, as when a cause of action or a right has arisen under conditions making the consideration in the trial courts and due appeal to this Court an inadequate remedy, or when supervision of a trial court other than by appeal is deemed necessary or proper.*" (Emphasis supplied).

Where, as here, petitioner below cannot prevail even if he proves at trial everything he has alleged in his petition, further proceedings are rendered purposeless. Additional expense to litigants and taxpayers becomes unjustifiable. Continued jeopardy of respondents below is unwarranted. Under these circumstances the discretionary exercise of supervisory control is both "necessary" and "proper" to the complete exercise of an appellate jurisdiction within the meaning of Article VIII, Sec. 3 of the Montana Constitution It is equally authorized here as "necessary" and "proper" supervision of a trial court other than by appeal within the ambit of Rule 17(a) of the Montana Rules of Appellate Civil Procedure.

As our ruling on the first two issues involved here provide a complete determination of the instant case, it becomes unnecessary to discuss or determine the third issue or any of its ramifications. We have carefully considered all contentions of the petitioner below contained in its brief and oral argument on each of the first two issues and find them to be without merit.

Let a writ issue directed to the respondent district court to dismiss the removal petition in its Cause No. 34033.