■ LILLIAN PANTEKAS, Appellant, v. WESTYARD CORPORATION et al., Respondents.— Judgment of dismissal, Supreme Court, New York County, entered December 15, 1972, unanimously reversed, on the law, and the case remanded for trial anew, with $60 costs and disbursements to abide the event. Upon jury trial, the court dismissed at the close of plaintiff-appellant's case. Defendant-respondent Dawson Arthur Corp., owner of an apartment building, virtually empty of tenants and permitted to fall into disrepair, claims to be without responsibility for its condition, cause of plaintiff's accident, because, having turned the building over to defendant-respondent Allied Maintenance Corp., it no longer exercised operation and control, and that plaintiff was contributorily negligent. Allied Maintenance interposed the same defenses. The court's dismissal was predicated upon a holding that the building was no longer occupied by three or more families, the tenancy having diminished to two, with, consequently, no obligation on the landlord to repair, and hence none on its contractor. The clear language of subdivisions 1, 7 and 8 of section 4 of the Multiple Dwelling Law is precisely to the contrary. (See, also, Multiple Dwelling Law, § 78; *Feneis* v. *Lewin,* 185 App. Div. 41.) The trial court also held that there was no notice of the condition of disrepair to the landlord because it had been given only to the superintendent, an employee of Allied Maintenance. But the superintendent was an agent of the contractor and hence of the landlord; both are chargeable with notice. And, there being a maintenance contract covering repairs, Allied Maintenance is no more exculpable than its principal. (See *Mollino* v. *Ogden & Clarkson Corp.,* 243 N. Y. 450.) Concur — McGivern, P. J., Markewich, Nunez, Capozzoli and Lane, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. NORMAN SMITH, Appellant.— Judgment, Supreme Court, Bronx County, rendered October 4, 1972, convicting the defendant, after a jury verdict, of possession of a weapon as a felony and sentencing him to a maximum of seven years in prison, unanimously reversed on the law and in the interests of justice and a new trial directed before a different Judge. The defendant was indicted on two drug counts, in addition to the gun charge. The jury returned a verdict of not guilty on the narcotics counts. In our opinion, defendant was deprived of a fair and impartial trial by the trial court. In his opening remarks to the jury, defense counsel indicated that the defense position was that the contraband had been taken from the bar of the bar and grill where the arrest occurred, and "planted" on the defendant. While some comment on this by the court may have been warranted, unfortunately the Trial Justice repeatedly adverted to this position in derogatory fashion, and the trial was reduced to a contest between defense counsel and the court on this point, to the prejudice of the defendant. Under the circumstances, a new trial is warranted, and it is preferable that it take place before a different Judge. (*People* v. *Ohanian,* 245 N. Y. 227; *People* v. *Sostre,* 37 A D 2d 574; *United States* v. *Nazzaro,* 472 F. 2d 302; cf. *People* v. *Mendes,* 3 N Y 2d 120.) We have examined appellant's other points and find no error. Concur — Nunez, J. P., Kupferman, Steuer, Capozzoli and Lane, JJ.