(October 31, 1923.)

M. F. HUDSON, Respondent, v. GUS BERTSCH, Probate Judge of Butte County, Appellant.

[220 Pac. 109.]

OFFICER—REMOVAL—ILLEGAL FEES.

1. An honest claim for expenses actually incurred by an officer in the discharge of his official duties, even if such expenses are not a legal charge against the county, cannot be made a ground for removal of such officer for charging and collecting illegal fees for services rendered in his office.

2. The word "fee" as used in C. S., sec. 8684, means a charge for services.

APPEAL from the District Court of the Sixth Judicial District, for Butte County. Hon. F. J. Cowen, Judge.

Proceeding to remove probate judge under C. S., sec. 8684. Judgment for plaintiff. *Reversed.*

E. J. Dockery, for Appellant.

The court erred in finding that appellant collected illegal fees, as to each or any count of the information.

When it is shown that the officer acted in perfect good faith, and under an honest conviction that he was entitled to the compensation claimed and collected, it is error to remove him from his office. (*Ponting v. Isaman,* 7 Ida. 581, 65 Pac. 434; *Corker v. Pence,* 12 Ida. 152, 85 Pac. 388; *Collman v. Wanamaker,* 27 Ida. 342, 149 Pac. 292; *Collman v. Gordon,* 27 Ida. 351, 149 Pac. 294; *McRoberts v. Hoar,* 28 Ida. 163, 152 Pac. 1046; *State v. Meek,* 148 Iowa, 671, Ann. Cas. 1912C, 1075, 127 N. W. 1023, 31 L. R. A., N. S., 566; *State v. Roth,* 162 Iowa, 638, 144 N. W. 339, 50 L. R. A., N. S., 841; *Law v. Smith,* 34 Utah, 394, 98 Pac. 300.)

Chase A. Clark, Solon B. Clark and W. J. Lamme, for Respondent.

The probate judge had no authority to collect the fees which it is admitted in the record he collected. The fees were illegal because he had no authority to act. He acted and collected the fees as shown by the evidence as a result of the unlawful exercise of his authority as probate judge of Butte county. (Note to *State v. District Court,* Ann. Cas. 1913B, 401.)

DUNN, J.—This action was brought by respondent to remove appellant from the office of probate judge of Butte county. The information contained forty-seven counts specifying instances in which appellant had charged and collected illegal fees for services rendered in his office and in which he had neglected to perform official duties pertaining to his office. The court sustained a demurrer to all of the counts except the first thirty-five, all of which alleged the charging and collecting of illegal fees for services rendered in his office of probate judge. On the trial the court found all of the thirty-five charges sustained by the evidence and entered judgment removing appellant from the office of probate judge and required him to pay respondent the sum of $500, with the costs of the action.

The appeal is from the judgment. Appellant complains that the evidence is insufficient to sustain the findings of the

court and that the court erred in holding that the several sums collected were illegal fees.

There is no conflict in the evidence. It appears that the board of commissioners of Butte county entered into an agreement with appellant that he should discharge the duties of probation officer in that county and that his actual and necessary expenses would be paid by the county. Every item in the thirty-five counts was for expenses incurred by him, nearly all of them pursuant to this agreement. By mistake he appears to have included in his expenses as probation officer a few items of expense incurred by him as probate judge. Nowhere is there an item that can be brought within the expression "fees for services rendered or to be rendered in his office." (C. S., sec. 8684.)

It would seem that the meaning of the language quoted could hardly be made plainer, but if anything more than the statutory language were required this court has supplied it by saying that the word "fees" "means a charge for services." (*Collman v. Wanamaker*, 27 Ida. 342, 348, 149 Pac. 292; *McRoberts v. Hoar*, 28 Ida. 163, 152 Pac. 1046.)

While it is clear that no case for removal of the officer has been made, the legality of the arrangement under which the duties of probation officer are being discharged in Butte county may well be questioned. This matter not being before us, however, we are not assuming to decide it.

The judgment is reversed, with costs to appellant.

Budge, C. J., and McCarthy, William A. Lee and Wm. E. Lee, JJ., concur.