(October 31, 1923.)

DAVE DANIELS, Respondent, v. W. S. WRIGHTON, Sheriff of Butte County, Idaho, Appellant.

[220 Pac. 110.]

OFFICER—REMOVAL—ILLEGAL FEES.

Held, that evidence fails to show charging and collecting fee, following *Hudson v. Bertsch, ante*, p. 52.

APPEAL from the District Court of the Sixth Judicial District, for Butte County. Hon. F. J. Cowen, Judge.

Proceeding to remove sheriff. Judgment for plaintiff. *Reversed.*

E. J. Dockery, for Appellant.

Wilful intent and bad faith on the part of the officer must be proven in order to justify removal. (*Ponting v. Isaman*, 7 Ida. 581, 65 Pac. 434; *Walton v. Channel*, 34 Ida. 532, 204 Pac. 661; Cal. Pen. Code, sec. 772; *Triplett v. Munter*, 50 Cal. 644; *McNally v. Connolly*, 2 Cal. Unrep. 621, 9 Pac. 169; 1923 Sess. Laws (Ida.), p. 121; *Corker v. Pence*, 12 Ida. 152, 85 Pac. 388; *Collman v. Wanamaker*, 27 Ida. 342, 149 Pac. 292; *McRoberts v. Hoar*, 28 Ida. 163, 152 Pac. 1046; *Corker v. Cowen*, 30 Ida. 213, 164 Pac. 85.)

Proceeding is criminal in nature. (*Daugherty v. Nagel*, 28 Ida. 302, 154 Pac. 375.)

Chase A. Clark, Solon B. Clark and W. J. Lamme, for Respondent, file no brief.

DUNN, J.—This action was brought by respondent to remove appellant from the office of sheriff of Butte county. The third count set forth that appellant had charged and collected an illegal fee of $12 for services claimed to have been rendered in his office, the first that appellant had neglected to perform an official duty pertaining to his office

by failing to pay said fee into the county treasury, and the second that appellant had been guilty of neglect to perform an official duty by failing to file with the district clerk a sworn statement showing that such fee had been collected.

It is undisputed that the sum of money that is the basis of this action was collected by the sheriff from one Hudson as the actual expense incurred by him in making a trip from Arco to Howe and seizing something called a multi-seller, which it is claimed was a gambling device, in Hudson's pool-hall. For some reason not clearly shown in the record it seems to have been decided that no prosecution should be started against Hudson, but that the matter should be terminated if he would pay the actual expenses of the sheriff's trip, which he did.

While it would have been the part of wisdom, if not of duty, for the sheriff to include this in his report of expenses incurred and paid by him as sheriff, it was in no sense a fee for services rendered in his office, and therefore is not ground for his removal from office.

What we have said as to the word "fee" in the case of *Hudson v. Bertsch, ante,* p. 52, 220 Pac. 109, applies to this case also.

The irregular manner of handling public business disclosed in this case is not to be commended. A public record should be made of every cent of money received by a public officer in his official capacity, showing the source from which it came and the disposition made of it.

The judgment is reversed, with costs to appellant.

Budge, C. J., and McCarthy, William A. Lee and Wm. E. Lee, JJ., concur.