COUNTY COMMISSIONERS — SOLID WASTE MANAGEMENT SYSTEM (1) Title 63 O.S. 2257 [63-2257](b) (1971) authorizes the collection of fees for services rendered in conjunction with the operation of a solid waste management system, and does not permit the imposition of a pecuniary burden on property not receiving such services. The County Commissioners have a broad latitude of discretion in determining how such fees or charges are to be collected, but collection cannot be accomplished in such a manner as to negate the above stated prohibition. The rendition of solid waste management system services during a specified accounting period is a condition precedent to the obligation to pay for such services, and such obligation cannot be made to arise at any previous point in time. Title 63 O.S. 2264 [63-2264] (1971), declaring that a violation of "any of the provisions of this act" shall constitute a misdemeanor, does not permit the imposition of criminal liability for the non-payment of fees or charges for solid waste management system services. However, the County Commissioners may in the implementing resolution specify any reasonable period of time for payment, and provide that non-payment beyond such period shall render the particular account delinquent. The Attorney General has received your request for an opinion wherein you raise a number of questions. These questions will be dealt with in the order in which they are stated: "(1) Can the fee, or charges, for solid waste management system services, including collection, transportation and disposal of wastes or any part thereof, be collected on an annual basis from the owners of all taxable parcels of land on the tax rolls of a county, regardless of whether or not such property included improvements in the form of dwellings or business buildings that normally generate solid wastes?" Title 63 O.S. 2257 [63-2257] (1971), provides in pertinent part as follows: "(b) The County Commissioners shall have the authority to levy and collect such fees, charges and require such licenses as may be appropriate to discharge their responsibility for a solid waste management system or any portion thereof. Such fees, charges and licenses shall be based on a fee schedule contained in an official resolution of the Board of County Commissioners." (Emphasis added) Section 63 O.S. 2257 [63-2257](b) is to be read in the context of the rule well established in Oklahoma that public officers possess only such authority as is conferred upon them by law and such authority must be exercised in the manner provided by law. Tulsa Exposition and Fair Corporation v. Board of County Commissioners of Tulsa County, Okl., 468 P.2d 501 (1970). The quoted language confers upon the Boards of County Commissioners authority to "levy and collect" such fees and charges as are reasonably deemed necessary to the efficient operation of a solid waste management system. Under the rules set forth in Tulsa Exposition and Fair Corporation, supra, such authority is to be narrowly construed. Accordingly, your first question turns upon a determination of what the Boards of County Commissioners are authorized to levy and collect. The statute itself resolves this problem in unmistakable terms: The County Commissioners are authorized to levy and collect "fees" and "charges". The word "fees" has been defined as "a charge for services". Hudson v. Butsch, 38 Idaho 52,220 P. 109. Hence, the word "charges" as used in the statute adds nothing to the word fees, and merely restates authorization to impose a fee for services rendered. This definition suggests that the use of the word fees, by its very nature, contemplates that the obligation is to be imposed upon a user in consideration of the rendition of services. By contrast, your question inquires in effect as to whether such an obligation may be imposed upon property irrespective of whether solid wastes are generated thereon. The statute does not allow the imposition of such a burden. Section 63 O.S. 2257 [63-2257](b) authorizes the levying of a "fee" which is a charge for the service of a public officer. Where the burden is imposed in the absence of such a service the result is a forced contribution of wealth to the public needs of government and amounts to a tax. Stewart v. Verde River Irrigation and Power District,49 Ariz. 531, 68 P.2d 329, 334. See also Hanson v. Griffith, 124 N.Y.Supp.2d 473, 476, defining taxes as burdens of a pecuniary nature imposed generally upon individuals or property, and holding that to be substantial as a fee the charge must be imposed to defray or help defray the cost of a particular service rendered on the account of the obligor. Your second question states: "(2) Can the fee, or charges, made for solid waste management system services be collected in conjunction with and at the same time as ad valorem taxes are billed for and collected, or must a separate collection system be provided?" The result reached as to your first question is directive of the response to your second question. Section 63 O.S. 2257 [63-2257](b) authorizes the collection of fees for services rendered in conjunction with the operation of the solid waste management system and does not authorize the imposition of a pecuniary burden on property not receiving such services. The collection of fees cannot be conducted in such a manner as to negate this prohibition. Otherwise, the statutory language is sufficiently broad to confer discretion upon the County Commissioners to determine how such fees are to be collected so long as such collection is based upon a fee schedule contained in an official resolution. Your third question states: "(3) Can the fee, or charges, made for solid waste management system services be levied and collected in advance of the calendar or fiscal year in which such service was rendered, or must the fee, or charges be collected for past service rendered to the county resident or taxpayer?" As observed under your first question, a fee is a charge imposed to defray or help defray the cost of a particular service rendered on the account of the obligor. Hanson v. Griffith, supra. This definition is implicit in the word fees as used in Section 63 O.S. 2257 [63-2257](b) and represents the outer limits of the authority conferred upon the County Commissioners. The rendition of services during a specified accounting period is a condition precedent to the obligation to pay. The obligation to pay cannot be made to arise at any previous point in time. Your fourth question states: "Does 63 O.S. 2264 [63-2264] (1971) provide the penalties for non-payment of the fees, or charges, for solid waste management system services as levied by the Board of County Commissioners in the official resolution, and could the resolution specify a reasonable time for payment beyond which the account could be considered delinquent and the county resident subject to the penalties provided?" Section 2264 defines a violation of "any of the provisions of this act" as a misdemeanor subject to the specified penalty. Section 63 O.S. 2257 [63-2257](b) merely authorizes the County Commissioners to levy and collect the fees and charges above noted. It does not impose a statutory obligation to pay such fees and charges. Criminal liability cannot be imposed in the absence of express statutory language. Hence, non-payment of fees does not constitute a misdemeanor under Section 2264. However, the County Commissioners may in the implementing resolution specify any reasonable period of time for payment, and provide that non-payment beyond such period renders the account delinquent. It is, therefore, the opinion of the Attorney General that your questions be answered as follows: 1. Title 63 O.S. 2257 [63-2257](b) (1971) authorizes the collection of fees for services rendered in conjunction with the operation of a solid waste management system, and does not permit the imposition of a pecuniary burden on property not receiving such services. 2. The County Commissioners have a broad latitude of discretion in determining how such fees or charges are to be collected, but collection cannot be accomplished in such a manner as to negate the above stated prohibition. 3. The rendition of solid waste management system services during a specified accounting period is a condition precedent to the obligation to pay for such services, and such obligation cannot be made to arise at any previous point in time. 4. Title 63 O.S. 2264 [63-2264] (1971), declaring that a violation of "any of the provisions of this act" shall constitute a misdemeanor, does not permit the imposition of criminal liability for the non-payment of fees or charges for solid waste management system services. However, the County Commissioners may in the implementing resolution specify any reasonable period of time for payment, and provide that non-payment beyond such period shall render the particular account delinquent. (Robert H. Mitchell)