STATE ex rel. HESSLER, Relator, *v.* DISTRICT COURT
ET AL., Respondents.

(No. 5,166.)

(Submitted September 11, 1922.   Decided September 25, 1922.)

[209 Pac. 1052.]

*Mandamus—Officers—District School Directors—Removal—Jurisdiction—Pleading.*

County or District Officers—Removal—Procedure.

1.   Where removal of a county, district, township or county officer is sought for willful or corrupt misconduct or malfeasance in office —acts of commission—the jurisdiction of the district court can, under section 11688, Revised Codes of 1921, be invoked only by an accusation presented by the grand jury; where, however, the charge is willful refusal or neglect to perform official duties, constituting non action, jurisdiction may be invoked by the filing of a verified petition by any person, under section 11702, whereupon the court may try the accused summarily without the aid of a jury.

Same—Accusation by Taxpayer—When District Court Without Jurisdiction.

2.   *Held,* under the above rule, that where a taxpayer filed an accusation against district school directors charging them with having selected a school site and erected a building thereon without submitting the question to the electors, with having employed and retained a teacher who had no certificate entitling her to teach, and with the unlawful issuance of warrants in payment of school supplies, each one of which items charged an act of commission, the district court properly refused to take jurisdiction.

Same—Accusation—Refusal to Perform Official Duty—Insufficient Pleading.

3.   One charging a district or county officer with an act of misfeasance or malfeasance in office, a matter of which the grand jury must take cognizance, cannot by pleading that after such act had been done the officer willfully refused and neglected to undo it bring the accusation within the purview of section 11702, Revised Codes of 1921, under which an officer may be tried summarily for such refusal or neglect, nor may he justify the procedure followed by the argument *ab inconvenienti.*

Original application for Writ of Mandamus proceeding by the State on the relation of John Hessler against the District Court of the Nineteenth Judicial District in and for the County of Glacier and the Judge thereof.   Proceeding dismissed.

*Messrs. Freeman, Thelen & Frary,* for Relator, submitted a brief; *Mr. James W. Freeman* argued the cause orally.

*Mr. John W. Coburn* and *Messrs. Norris, Hurd & Rhoades,* for Respondents, submitted a brief; *Mr. W. B. Rhoades* argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

School district No. 15, in Glacier county, is a district of the third class, the business affairs of which are conducted by a board of three directors. William P. Yunck and Hiram Micken are directors, and constitute a majority of the board. On May 22 of this year, John Hessler, a resident of and taxpayer in district No. 15, presented to the district court of Glacier county his verified accusation, praying for the removal of Yunck and Micken for reasons therein set forth. The court refused to entertain jurisdiction of the matter, and thereupon this proceeding was instituted and an alternative writ of mandate issued.

Section 18, Article V, of our state Constitution provides [1] that school district officers may be removed for misconduct or malfeasance in office in such manner as may be provided by law. Two distinct methods for the removal of such officers have been provided. The statutes were enacted first in 1895, were carried into the revision of 1907, and, with an amendment to one of them which is not material here, again brought forward into the compilation of 1921. The statute which embodies the first method of procedure is found in sections 11688–11701, Revised Codes of 1921, while the second method of procedure is embraced in section 11702, Revised Codes of 1921.

Section 11688 provides: "An accusation in writing against any district, county, township, or municipal officer, for willful or corrupt misconduct or malfeasance in office, may be presented by the grand jury of the county for which the officer accused is elected or appointed."

Section 11702 provides: "When an accusation in writing, verified by the oath of any person, is presented to the district

court, alleging that any officer within the jurisdiction of the court has been guilty of knowingly, willfully, and corruptly charging and collecting fees for services rendered, or to be rendered, in his office, or has willfully refused or neglected to perform the official duties pertaining to his office, the court must cite the party charged to appear before the court,'' *etc.* The section then provides a summary hearing and for the proper judgment to be entered.

It will be observed at once that the legislature has thus classified the acts of omission or commission which furnish grounds for removal, and has made the character of the acts charged against the officer the factor which determines whether the one method of procedure or the other must be pursued. If the acts charged constitute willful or corrupt misconduct or malfeasance in office, as those terms were understood by the lawmakers in enacting the statute, then the jurisdiction of the court can be invoked only by an accusation presented by a grand jury of the county (sec. 11688), and the accused officer is entitled to a trial by jury conducted in the same manner as the trial of an indictment for a misdemeanor (sec. 11697). If, however, the officer is charged with nonaction only, that is, with willful refusal or neglect to perform official duties, or with charging and collecting illegal fees, the jurisdiction of the court may be invoked by filing an accusation presented and verified by any person (sec. 11702). In such case the hearing is had in a summary manner, and the accused is not entitled to a jury trial. (*State ex rel. Payne* v. *District Court,* 53 Mont. 350, 165 Pac. 294.)

These statutes make clear the intention of the legislature to distinguish between misfeasance and malfeasance on the one hand and nonfeasance on the other, and to secure to an officer accused of the more serious offense certain safeguards which are denied to one accused of the lesser offense. In other words, before an officer can be brought into court upon the accusation of a private individual, it must be made to appear that his offense is nothing more than willful refusal or neglect to perform official duties, or charging and collecting illegal fees.

Just why the lawmakers classified the willful and corrupt charging and collecting of fees with nonfeasance in office rather than with misfeasance or malfeasance cannot be understood readily, but that they had the right to make such classification cannot be denied. Since neither of these school directors is charged with collecting illegal fees, so much of section 11702 as relates to that subject may be eliminated from our consideration.

The distinction herein made between offenses cognizable under section 11688 and those which may be prosecuted under section 11702, was pointed out by this court in *State ex rel. Rowe* v. *District Court,* 44 Mont. 318, Ann. Cas. 1913B, 396, 119 Pac. 1103, and has been emphasized by courts from other jurisdictions having statutes similar to our own. (*Corker* v. *Pence,* 12 Idaho, 152, 85 Pac. 388; *Collman* v. *Wanamaker,* 27 Idaho, 342, 149 Pac. 292; *Daugherty* v. *Nagel,* 28 Idaho, 302, 154 Pac. 375; *Crossman* v. *Lesher,* 97 Cal. 382, 32 Pac. 449.) In the case last cited the California court, in construing a statute similar to our section 11702 above, said: "It is only when the misconduct complained of consists in charging and collecting illegal fees, or failure or neglect to perform the official duties imposed upon the officer by law, that the prosecution may be had upon the complaint of an individual."

In considering a statute of New York somewhat similar to our section 11702, except that it omitted any reference to charging and collecting illegal fees, the court of New York said: "In order to make out a case within the provisions of the section cited, there must be an absolute refusal or a willful neglect to perform some duty imposed by the Act. The statute evidently was not intended to punish the commissioners for positive acts done by them in violation of law, but for contumacy, in refusing to obey the mandate of the law, and for willfully * * * neglecting to do what was required by the plain terms and import of the statute." (*People* v. *Burnside,* 3 Lans. (N. Y.) 74.)

It must be accepted as settled that our statutes above do not provide concurrent or cumulative remedies for the correction

of the same character of evils, but that each of them furnishes an exclusive remedy which can be invoked only when the character of the delinquency charged brings the case clearly within it.

To determine whether the trial court had jurisdiction to hear [2] the accusation presented by Hessler and to try the accused directors in a summary manner without the aid of a jury, we have but to determine whether the accusation charges merely nonfeasance in office. The accusation contains three counts. In the first the directors are charged with having selected two school building sites and with having caused a school building to be erected upon each, without having submitted the question of the selection of the sites to a vote of the qualified electors of the district. It is perfectly apparent that if these directors selected the sites in the manner charged, they violated the plain provisions of our statutes (sec. 1173, and subd. 8, sec. 1015, Rev. Codes 1921), but it cannot be said that they refused or neglected to act. They acted, but in contravention of law. They did a thing which they might have done, but they did it in a manner prohibited by the statutes cited, and therefore, if the allegations of this count are true, they are guilty of misfeasance in office, and it does not detract from the affirmative character of their act that the accusation alleges that they willfully neglected and refused to perform the duties of their office. The acts themselves as described in the accusation, and not the conclusion of the pleader as to their legal effect, determine the quality of the directors' conduct.

By the second count these directors are charged with having employed, for the district, a teacher who did not have a certificate authorizing her to teach, and with having retained her in the employment at the expense of the district for a period of three months, and all with full knowledge that she did not have the necessary certificate. Section 1015, Revised Codes of 1921, prohibits a public school board from employing anyone as a teacher who is not "the holder of a legal teacher's certificate in full force and effect." This count likewise does not

charge nonaction, but does charge affirmative acts in violation of the express terms of the statute, and a different character cannot be given to them by alleging that the directors failed and refused to discharge the teacher after notice from the county superintendent and the like notice from the state superintendent.

If, after an officer is charged specifically with misfeasance [3]  or malfeasance in office, the character of the charge may be changed and the officer removed in a summary proceeding without the right of a jury trial, by alleging further that he willfully refused and neglected to undo what he had done, then the distinction between willful or corrupt misconduct or malfeasance in office and mere nonfeasance is destroyed at the pleasure of the pleader, and the evident purpose of the legislature in providing the two methods of procedure is circumvented or avoided.

If the allegations of this count are true, the law was violated when the directors employed a teacher who was not legally qualified to accept the employment, and their offense was complete before they received notice that her services should be dispensed with.

In the third count these directors are charged with having issued district warrants in payment for maps, charts and other school apparatus without the warrants having been authorized and countersigned by the county superintendent, as required by section 1019, Revised Codes of 1921. It is quite impossible to conceive of any theory upon which these unlawful acts can be converted into nonaction. These directors are charged with having done affirmative acts and not with having failed or refused to act.

To summarize: In not one of the counts are these directors charged with willfully refusing or neglecting to perform official duties, and therefore the court did not have jurisdiction to try them upon the accusation of a private individual If they are to be called to account for their alleged misfeasance or malfeasance in office, they have the right to have the complaint first investigated by a grand jury, and, if that body shall

return a sufficient accusation, they have the further right to a jury trial. The argument *ab inconvenienti* cannot be advanced here. It may be that the summary proceeding authorized by section 11702 is much more expeditious and much less expensive than that provided in sections 11688–11701, but the legislature has seen fit to make a distinction which the courts are bound to observe.

The motion to quash the alternative writ is sustained and the proceeding is dismissed.

*Dismissed.*

ASSOCIATE JUSTICES FARR, COOPER and GALEN concur.