judicial district of the state of Montana, in and for the county of Missoula, for a new trial.

PER CURIAM: For the reasons given in the foregoing opinion, the judgment and order are reversed and the cause is remanded to the district court of the fourth judicial district of the state of Montana, in and for the county of Missoula, for a new trial.

*Reversed and remanded.*

---

STATE EX REL. DOLIN, APPELLANT, *v.* TYLER ET AL., RESPONDENTS.

(No. 4,927.)

(Submitted November 22, 1922. Decided November 27, 1922.)

[210 Pac. 1118.]

For syllabus, see *State ex rel. Hessler* v. *District Court,* 64 Mont. 296.

*Appeal from District Court, Sheridan County; C. E. Comer, Judge.*

PROCEEDING by the State on the relation of Joseph F. Dolin for the removal of R. G. Tyler and Jens Ibsen as County Commissioners of Sheridan County. From a judgment for defendants, relator appeals. Affirmed.

*Messrs. Norris, Hurd & Rhoades* and *Mr. Paul Babcock,* for Appellant, submitted a brief; *Mr. Edwin L. Norris* argued the cause orally.

*Mr. Alfred T. Vollum, Mr. S. E. Paul* and *Messrs. Wheeler & Baldwin,* for Respondents, submitted a brief; *Mr. James H. Baldwin* argued the cause orally.

Opinion: PER CURIAM.

The facts in this case are not distinguishable from those presented in *State ex rel. Hessler* v. *District Court*, 64 Mont. 296, 209 Pac. 1052, and upon the decision in that case the judgment herein is affirmed.

*Affirmed.*

---

IN RE ESTATE OF DESCHAMPS. DESCHAMPS ET AL., APPELLANTS, *v.* DESCHAMPS ET AL., RESPONDENTS.

(No. 5,128.)

(Submitted October 26, 1922. Decided November 27, 1922.)

[212 Pac. 512.]

*Estates of Deceased Persons—Executors and Administrators—Failure to Bring Action to Recover Property of Estate—Removal—When Improper—Wills—Probate—Title to Property in Devisees.*

Estates of Deceased Persons—Wills—Title to Property Vests in Devisees at Once.
1. The property of a testator vests in the devisees from the moment of his death, subject to the right of the executor to its possession for the purposes of administration until the estate is settled or until it is delivered over to them by order of court, the decree of distribution simply releasing the property from the conditions it was subject to during the period of administration.

Wills—Probate—Office of.
2. The probate of a will merely declares, in a general way, the existence of previous facts and furnishes official evidence of those facts.

Same—Right of Devisees to Dispose of Property Devised.
3. Subject to the possession of a testator's estate by the executor for the purposes of administration, the devisees may at once sell or dispose of the property devised, or handle it as they desire.

Executors and Administrators—Removal for Failure to Bring Action to Recover Property of Estate—Proper Refusal.
4. An executor cannot be forced to bring suit to recover possession of property claimed to be part of the estate unless necessity therefor for administrative purposes exists; hence where devisees petitioned for the removal of executors for failing to inventory a parcel of realty claimed by the devisees to be part of the estate and have others appointed in their place who would take action, and the record did not show that there were debts or claims unpaid or that