STATE EX REL. BEAZLEY, RELATOR, v. DISTRICT COURT
ET AL., RESPONDENTS.

(No. 5,867.)

(Submitted December 8, 1925. Decided December 19, 1925.)

[241 Pac. 1075.]

*Officers — Sheriff — Removal — Malfeasance Triable by Jury —
Nonfeasance by Court—Bribery—Insufficiency of Accusation
—What may Constitute Malfeasance and Nonfeasance in
Office.*

Officers—Removal—When Accused Entitled to Jury Trial—When not.
    1.   Where willful or corrupt malfeasance in office is charged, ouster
proceedings must be had under the provisions of section 11688, Re-
vised Codes of 1921, and the accused officer is entitled to a jury
trial; where the charge is nonfeasance only, the proceeding is, under
section 11702, triable summarily by the court without the intervention
of a jury.

Sheriffs—Removal—Bribery—Insufficiency of Charge.
    2.   To charge an officer (a sheriff) with bribery under section 10824,
Revised Codes of 1921, the accusation must allege that defendant had
asked, received or agreed to receive the bribe upon an understanding
that his official action should be influenced thereby; hence a charge
that the briber gave the officer money with intent to influence the
latter's official action, while sufficient to charge bribery against the
giver, was insufficient to charge the offense against the accused, and
therefore insufficient to charge him with willful or corrupt malfeasance
in office.

Same—Failure to Arrest for Crime Committed in Presence of Officer—Non-
feasance Sufficient to Warrant Removal.
    3.   Failure of a sheriff to arrest one who commits a crime in his
presence constitutes such nonfeasance in office as will warrant his
removal from office.

Same — Active Participation in Crime — Malfeasance — Accusation also
Charging Nonfeasance—Effect on Right to Trial by Jury.
    4.   Active participation by a sheriff in the commission of a crime
is malfeasance in office, an accusation charging which is triable by
a jury, and the fact that the pleader in the same count also charges
nonfeasance, to-wit, failure of the officer to arrest his partner in

    2.   Bribery and solicitation of bribes, see notes in 97 **Am. Dec.** 707;
116 **Am. St. Rep.** 38.
    3.   Failure of officer to enforce laws as ground for removal from
office, see notes in **Ann. Cas.** 1913D, 32; **Ann. Cas.** 1918B, 145, 913.

crime, does not have the effect of bringing the accusation within the purview of section 11702, Revised Codes of 1921, so as to make it triable by the court.

[1] Juries, 35 C. J., sec. 75, p. 184, n. 52.
[2] Officers, 29 Cyc., p. 1413, n. 48. Sheriffs and Constables, 35 Cyc., p. 1503, n. 70.
[3] Sheriffs and Constables, 35 Cyc., p. 1501, n. 49.
[4] Juries, 35 C. J., sec. 75, p. 184, n. 52. Malfeasance, 38 C. J., p. 344, n. 23. Officers, 29 Cyc., p. 1410, n. 31.

Original application for writ of prohibition by the State, on the relation of T. G. Beazley against the District Court of the Fifteenth Judicial District for Musselshell County and Stanley E. Felt, Judge, to prohibit relator's trial on four charges of official misconduct as sheriff of said county on the ground that the court was without jurisdiction. Writ denied as to three charges and issued as to one charge.

*Messrs. Norris, Hurd & Rhoades* and *Mr. C. F. Huppe,* for Relator, submitted a brief; *Mr. George E. Hurd* argued the cause orally.

*Mr. A. G. McNaught, Mr. Wellington D. Rankin* and *Mr. I. W. Choate,* Assistant Attorney General, for Respondents, submitted a brief; *Mr. McNaught* and *Mr. Choate* argued the cause orally.

MR. CHIEF JUSTICE CALLAWAY delivered the opinion of the court.

Prohibition. An accusation was filed in the district court of Musselshell county by A. G. McNaught, as county attorney, against T. G. Beazley, charging him with refusing and failing to perform the official duties pertaining to his office as sheriff of Musselshell county. The defendant sheriff attacked the accusation on the ground that no facts are stated therein which bring the case within the purview of section 11702, Revised Codes of 1921, upon which, admittedly, the proceeding is based, but the court overruled his contention. Thereafter

certain paragraphs were stricken from the accusation upon motion, and one by stipulation of counsel. Four separate charges against the defendant remain, and upon these, notwithstanding his protest, the district court set the cause for trial. The defendant then sought a writ from this court to prohibit the trial upon the ground that the district court is without jurisdiction to proceed.

We issued an alternative writ which has been met with a motion to quash, and the respondents also have demurred to the defendant's application.

Three of the four charges, except for names and dates, are the same. A consideration of paragraph 4 of the accusation will suffice for these. Therein it is alleged, in substance, that on or about the second day of April, 1925, in the county of Musselshell one Nick Vranich then and there, and in the presence of the defendant sheriff, committed the crime of bribery in that said Vranich then and there directly offered and gave to the defendant money and other things of value with the intent on the part of Vranich to influence the defendant in the performance of his official and public duties; and that the defendant then and there willfully and unlawfully failed and neglected to arrest and institute proceedings against the said Vranich for committing the crime of bribery, as it was the duty of the sheriff to do.

The determinative question is: Do these allegations charge [1] willful or corrupt misconduct or malfeasance in office, or only nonfeasance, on part of the defendant? If willful or corrupt malfeasance is charged, ouster proceedings must be under the provisions of section 11688, Revised Codes of 1921, and the court in this instance would have no jurisdiction to proceed. If, on the other hand, the allegations charge nonfeasance only, the proceeding may be maintained under section 11702, Revised Codes of 1921, which makes provision for the summary removal of public officers "when an accusation in writing, verified by the oath of any person, is presented

to the district court, alleging that any officer within the jurisdiction of the court  *  *  *  has willfully refused or neglected to perform the official duties pertaining to his office,'' and the charge be sustained, the court must enter a judgment that the party accused be deprived of his office.

The distinction between offenses cognizable under section 11688 and those under 11702 has been pointed out in *State ex rel. Rowe* v. *District Court,* 44 Mont. 318, Ann. Cas. 1913B, 396, 119 Pac. 1103, and *State ex rel. Hessler* v. *District Court,* 64 Mont. 296, 209 Pac. 1052, and need not be repeated here.

Under section 11688 the defendant is entitled to a jury trial, but is not under the provisions of section 11702 except where he is charged with collecting illegal fees or salaries. (*State ex rel. Bullock* v. *District Court,* 62 Mont. 600, 205 Pac. 955.)

So far as Vranich is concerned, the accusation clearly charges [2] bribery (sec. 10823, Rev. Codes 1921), but does it so charge as respects the defendant sheriff? Section 10823 relates to those who offer bribes; it reads: ''Every person who gives or offers any bribe to any executive officer of this state, with intent to influence him in respect to any act, decision, vote, opinion, or other proceeding as such officer, is punishable by imprisonment in the state prison not less than one nor more than ten years, and is disqualified from holding any office in this state.'' The next section, 10824, so far as applicable here, provides in substance that every executive officer who asks, receives or agrees to receive any bribe, upon any agreement or understanding that his action upon any matter then pending, or which may be brought before him in his official capacity, shall be influenced thereby, is punishable by imprisonment in the state prison, forfeits his office, and is forever disqualified from holding any office in this state.

It is apparent that the facts stated in the accusation are not sufficient to charge the defendant with the commission of the crime of asking, receiving or agreeing to receive, a

120    State ex rel. Beazley *v*. District Court.    [Dec. T. '25

[75 Mont. 116.]

bribe under section 10824. To state a cause of action against the defendant it would be essential to allege that he had asked, received or agreed to receive, the bribe upon an agreement· or understanding that his official action should be influenced thereby. The accusation does not so state. It is easily conceivable that a sheriff might receive an offered bribe without any intention of being influenced in the performance of his official duties. He might do so with the intention to entrap the briber or to expose the briber and others acting in concert with him. This is not a far-fetched supposition; we have historical warrant for it in the archives of this court. (*In re Wellcome,* 23 Mont. 450, 59 Pac. 445.) As the accusation does not allege culpability of the sheriff in receiving the bribe, it does not charge him with willful or corrupt misconduct or malfeasance in office. True, the statements in the accusation have a suspicious aspect. The fact that the defendant received the bribe and then did not arrest the briber justifies a suspicion, almost amounting to an inference, that in receiving the bribe the defendant did so with a corrupt motive; but it cannot be said that a necessary inference to that effect follows.

Upon an analysis of paragraph 4 it may not be doubted that [3] the pleader chose his phraseology advisedly; plainly it was his intention to avoid charging willful misconduct or malfeasance on part of the sheriff, and this purpose he has accomplished. Nonfeasance is pleaded. It is the duty of a sheriff to "arrest and take before the nearest magistrate for examination, all persons who attempt to commit or have committed a public offense" (subd. 2, sec. 4774, Rev. Codes 1921); and of course a sheriff may arrest without a warrant anyone who commits or attempts to commit an offense in his presence. (Sec. 11753, Rev. Codes 1921.)

If, as alleged, Vranich committed bribery in the presence of the defendant, and he, the sheriff, then and there failed and

neglected to arrest and institute proceedings against Vranich for the crime committed, the defendant is guilty of such nonfeasance with respect to his official duties as should result in his removal from office.

The fourth charge set forth in paragraph 5 of the accusation, presents a different situation. In this it is alleged that the defendant was an active participant in the offenses committed; it required his participation to constitute the precise acts charged; the things done by him were acts of commission, not of omission. If the accusation be true, the defendant's participation in the things done constituted malfeasance in office, and it does not detract from the affirmative character of his acts that the accusation alleges that he willfully neglected and refused to perform the duties of his office when he did not arrest his partner in guilt.

One accusing an officer of misfeasance or malfeasance in office—a matter cognizable only by a grand jury under the provisions of section 11688, and under which the officer is by right entitled to a jury trial—cannot, by also pleading nonfeasance, bring the accusation within the purview of section 11702, under which an officer may be tried summarily; the acts described in the accusation and not the conclusion of the pleader as to their legal effect determine the quality of the conduct charged. (*State ex rel. Hessler* v. *District Court, supra.*) It follows that the court has no jurisdiction to proceed under the allegations of paragraph 5 of the accusation.

As to the first three charges above considered, being those embraced in paragraphs 4, 6 and 7 of the accusation, the alternative writ of prohibition is discharged, and the application of the defendant is denied; as to the fourth charge, being that embraced in paragraph 5 of the accusation, let the writ of prohibition issue as prayed for.

ASSOCIATE JUSTICES HOLLOWAY, GALEN, STARK and MATTHEWS concur.