STATE, RESPONDENT, *v.* BEAZLEY, SHERIFF, APPELLANT.

(No. 5,975.)

(Submitted September 14, 1926. Reargued November 8, 1926. Decided November 24, 1926.)

[250 Pac. 1114.]

*Officers — Sheriffs — Nonfeasance and Malfeasance in Office — Removal—Mode of Procedure—Jurisdiction.*

Officers — Sheriffs — Summary Removal for Nonfeasance on Evidence Showing Malfeasance not Permissible.
1. A sheriff was sought to be removed summarily under section 11702, Revised Codes of 1921, under a charge of alleged nonfeasance in office preferred by the county attorney. The evidence introduced at the trial showed his active participation in the crime of bribery, demanding money to prevent official action on his part. *Held,* that his offense constituted malfeasance in office which was triable only, on accusation presented by the grand jury, with the aid of a jury, and that the trial judge was without jurisdiction to remove him on the proof submitted.

Same—Rule.
2. *Held,* under the rule that one may not be charged with a specific offense and convicted of another distinct and nonincluded offense, that an officer may not be charged with nonfeasance under section 11702, *supra,* and convicted on proof of malfeasance, the prosecution charging which must be instituted in pursuance of section 11688.

---

[1] Officers, 29 **Cyc.**, p. 1406, n. 10.
[2] Officers, 29 **Cyc.**, p. 1406, **n.** 10.

*Appeal from District Court, Musselshell County; Stanley E. Felt, Judge.*

PROCEEDINGS by the State, on accusation of A. G. McNaught, County Attorney, for the summary removal of T. G. Beazley, as Sheriff of Musselshell County. From a judgment depriving him of his office, defendant appeals. Reversed and remanded with directions to dismiss the proceedings.

*Mr. C. F. Huppe* and *Messrs. Hurd, Rhoades, Hall & McCabe,* for Appellant, submitted a brief; *Mr. George E. Hurd* argued the cause orally.

The action was brought under the provisions of section 11702, Revised Codes of 1921. The statute is penal in its nature and

must be strictly construed. Its terms cannot be extended by implication to cover matters not expressed or included therein. (*Walton* v. *Channel*, 34 Idaho, 532, 544, 204 Pac. 661; *In re Stow*, 98 Cal. 587, 33 Pac. 490; *Groesbeck* v. *Bairley*, 209 Mich. 120, 176 N. W. 403; *Sharp* v. *Brown*, 38 Idaho, 136, 221 Pac. 139.)

Primarily, the jurisdiction of a court is dependent upon the allegations of the complaint, indictment or information. Assuming herein, as we must, that the complaint, so far as the paragraphs here under consideration are concerned, is sufficient to presumptively confer jurisdiction upon the court, yet it is further required that the proof also disclose jurisdiction. Jurisdiction to determine and render judgment is acquired by the facts disclosed by the evidence. If the facts disclose a lack of such jurisdiction then, though the complaint is sufficient, the court has only authority to dismiss. (*People* v. *Carson*, 155 Cal. 164, 99 Pac. 970; *Steele* v. *Commonwealth*, 192 Ky. 223, 232 S. W. 646; *Stone* v. *State*, 115 Ala. 121, 22 South. 275; *Saxon* v. *State*. (Okl. Cr.), 198 Pac. 107; *State* v. *Coss*, 53 Or. 462, 101 Pac. 193; *State* v. *Lowry*, 29 Wyo. 267, 212 Pac. 768; *State* v. *Bussi*, 121 Wash. 314, 209 Pac. 523.)

It is a fundamental concept of law that one may not be tried for and convicted upon a charge distinct from that set forth in the indictment. The offenses of malfeasance and non-feasance are distinct as those of larceny and murder. One offense is not included in the other, nor is one inferior to the other. One may not be tried upon an accusation alleging nonfeasance and convicted and removed for malfeasance. The right of the accused to be tried for the offense charged is particularly pertinent here where the methods of trial are so entirely different. If, as counsel for the respondent contended in the lower court, one may be charged with nonfeasance and convicted of malfeasance, the intent of the legislature in distinguishing between the two offenses is set at naught. This is not a case where the evidence disclosing malfeasance is additional to and corroborative of the offenses of nonfeasance charged. For if appellant affirmatively committed the crime

of bribery then his act could not be changed to a mere non-feasance merely because he refused to undo what he had already done by an arrest of Vranish and Hinand, which would necessarily involve a confession of his own misconduct. (*State ex rel. Hessler* v. *District Court,* 64 Mont. 296, 209 Pac. 1052.) A case in point upon this phase of the case is *Corker* v. *Cowen,* 30 Idaho, 213, 164 Pac. 85. It seems clear, therefore, that if the evidence discloses that the offense of malfeasance was committed by appellant, the court should have dismissed the action on appellant's motion.

Under the evidence on the part of respondent, Beazley was guilty of a crime under the provisions of section 10824, Revised Codes of 1921. He demanded a bribe for the purpose of influencing his official actions. Such a demand is sufficient to show malfeasance and not a mere nonfeasance. (*State ex rel. Beazley* v. *District Court,* 75 Mont. 116, 241 Pac. 1075.)

Variance: It is axiomatic that under a complaint charging a particular offense, a conviction cannot be had upon evidence of another and distinct offense. (31 C. J. 846; *State* v. *Wallin,* 60 Mont. 332, 199 Pac. 285; *State* v. *Smith,* 57 Mont. 563, 190 Pac. 107.) Under the authorities construing our section 11702, cases from California such as *Larue* v. *Davies,* 8 Cal. App. 750, 97 Pac. 903, *Folsom* v. *Conklin,* 3 Cal. App. 480, 86 Pac. 724, *Cline* v. *Superior Court,* 184 Cal. 331, 193 Pac. 929, are not in point. That appellant was misled to his prejudice is apparent from the record. He was charged with nonfeasance. The proof instead of disclosing a mere neglect to perform a duty shows the commission of a crime. Instead of being required to meet the issues as outlined by the accusation he must show that he did not commit bribery.

*Mr. L. A. Foot,* Attorney General, *Mr. I. W. Choate,* Assistant Attorney General, *Mr. Wellington D. Rankin* and *Mr. A. G. McNaught,* County Attorney of Musselshell County, for

Respondent, submitted a brief; *Mr. Choate* and *Mr. Rankin* argued the cause orally.

Appellant contends that the evidence in the case shows malfeasance—not nonfeasance; that it shows that the sheriff demanded a bribe for the purpose of influencing his official action but does not show that the sheriff failed to arrest Vranish and Hinand for committing the crime of bribery.

In his brief appellant states the law as follows: "If the facts disclose a lack of such jurisdiction then, though the complaint is sufficient, the court has only authority to dismiss." An examination of the cases cited by appellant discloses that none of them announce any such rule as the above nor do we know of any such doctrine ever having been promulgated by any court.

In *People* v. *Carson,* 155 Cal. 164, 99 Pac. 970, a conviction of assault with a deadly weapon while the accused was confined for life in a state prison was sustained. Nothing in the opinion bears upon the question here presented except possibly this comment: "The proof must measure up beyond a reasonable doubt to the exact charge as contained in the information and unless it does so the defendant is entitled to a verdict of not guilty." *Steele* v. *Commonwealth,* 192 Ky. 223, 232 S. W. 646, does nothing more than to announce the familiar rule that one accused of crime may be convicted by evidence showing that he is guilty of the particular offense charged. *Stone* v. *State,* 115 Ala. 121, 22 South. 275, is on the question of variance and not on the point of lack of jurisdiction. *Saxon* v. *State* (Okl. Cr.), 198 Pac. 107, relates to the question of the amendment of an information and allegation by the prosecuting attorney as to which offense he will prosecute for. This case is not even remotely in point. *State* v. *Coss,* 53 Or. 462, 101 Pac. 193, a rape case, announces the well-established rule that while the prosecution is not required to prove that the crime was committed on the date alleged in the information, yet it must rely for conviction upon proof of a particular act upon which it may elect to rely. To the same effect are *State* v. *Lowry,* 29

Wyo. 267, 212 Pac. 768, and *State* v. *Bussi,* 121 Wash. 314,
209 Pac. 523. These last two cases were liquor prosecutions
in which the rule is announced that one may not be charged
with one offense and on the trial be convicted of a separate
and distinct offense or of a nonincluded offense. This is the
familiar rule announced by this court in *State* v. *Wallin,* 60
Mont. 332.

This case has already been before this court, and fortunately
it is not necessary to wander afield in other jurisdictions for
a statement of the law governing it. In *State ex rel. Beazley*
v. *District Court,* 75 Mont. 116, 241 Pac. 1075, this court said:
"If, as alleged, Vranish committed bribery in the presence of
the defendant, and he, the sheriff, then and there failed and
neglected to arrest and institute proceedings against Vranish
for the crime committed, the defendant is guilty of such non-
feasance with respect to his official duties as should result in
his removal from office."

In the *Hessler Case,* 64 Mont. 296, 209 Pac. 1052, this court
had before it an accusation which charged malfeasance in
office. The court held that the pleader could not by sub-
sequently charging nonfeasance on the part of the officer in
failing to undo the wrong bring the action within the provisions
of section 11702 under which this prosecution is instituted.
Neither in the *Hessler Case* nor in the *Beazley Case,* as we
understand the decisions, has this court ever held that an offi-
cer cannot be charged with nonfeasance arising out of a state
of facts which may also constitute malfeasance. It is not the
nature of the facts proved but rather it is the nature of the
offense charged and proved that determine whether a man
shall have the right to a jury trial under section 11697 of the
Code upon an accusation presented by grand jury, or whether
he shall be subject to the summary procedure authorized by
section 11702. In this case Beazley was charged with non-
feasance in failing to arrest a man who it is alleged had com-
mitted the crime of bribery in his presence. He was not
charged with malfeasance in accepting a bribe. Now the rule
announced in the *Hessler Case* says in substance: "You cannot

charge acts of malfeasance and then change their nature by calling them 'nonfeasance.' '' The *Hessler Case* does not say: "If you charge nonfeasance and the proof shows both nonfeasance and malfeasance you cannot convict of nonfeasance."

In the case of *Cline* v. *Superior Court*, 184 Cal. 331, 193 Pac. 929, the supreme court of California reached the same conclusion here contended for. Like us, California has two sections, one providing for the prosecution of a public officer on an indictment by a grand jury, in which event the accused is entitled to a jury trial, and another section similar to our section 11702 providing for the removal of an officer without a jury trial. In the *Cline Case* it was claimed that the accusation contained charges of wilful and corrupt misconduct and that therefore the court was without jurisdiction to proceed to trial without a jury. The court held otherwise. To the same general effect are *Folsom* v. *Conklin*, 3 Cal. App. 480, 86 Pac. 724, and *Larue* v. *Davies*, 8 Cal. App. 750, 97 Pac. 903.

Variance: It is contended by the defendant that the evidence of active participation on the part of Beazley constitute malfeasance and that consequently the jurisdiction of the court is divested. Logically the argument amounts to this: The charge is that of nonfeasance. The evidence in addition to showing nonfeasance shows malfeasance, therefore, there was no nonfeasance and the court cannot longer have jurisdiction of the charge which occasioned the trial and which is proven by the evidence, because the trial has disclosed not only Beazley's failure to arrest Vranish but Beazley's subsequent criminal conduct and guilt of a new crime with which he is not charged.

It is elementary, of course, that for the purpose of proof in this instance the court need only look to the evidence substantiating the charge contained in the complaint. "What is not charged in the indictment is not material to be proved or considered." (*Cowen* v. *People*, 14 Ill. 348.) "Proof of other matters of description besides those alleged in the indictment raises no question of variance." (*Dunham* v. *State*, 9 Tex. App. 330.) Consequently as an offer to bribe, accepting

a bribe and extortion are separate and distinct offenses (*People* v. *Powell,* 50 Cal. App. 436, 195 Pac. 456, at 458), only that evidence need be considered here which supports the charge of failure to arrest when the bribe was offered, the evidence then of malfeasance is irrelevant as to the charge of non-feasance and in determining the guilt of Beazley, the court need only consider that evidence which pertains to the non-feasance. "Evidence tending to show the commission of an offense at a time subsequent to that charged in the affidavit on which the affidavit was founded, should be excluded." (*Shea-ley* v. *State,* 16 Ga. App. 191, 84 S. E. 839; *Cowen* v. *People,* 14 Ill. 348.)

Proof of nonfeasance only is legally essential to support the charge of nonfeasance, and any proof of malfeasance is imma-terial. "A variance in criminal law refers to a disagreement between the allegations and the proof with reference to some matter, which is legally essential to the charge." (*Smith* v. *State,* 7 Tex. App. 382.) In this case there was no attempt at performance, but an entire omission and neglect to arrest Vranich, which duty devolved upon Beazley, in his capacity as sheriff, and in a similar case in California where there was no attempt to perform the duty imposed by law the court said: "And whether the act amounted to misconduct or not, it nevertheless was an omission and neglect under the purview of section 772." (*Folsom* v. *Conklin,* 3 Cal. App. 480, 86 Pac. 724.) That the evidence discloses Beazley to be guilty of a greater crime or of a different crime is no defense to the offense charged. "It is no bar to a conviction for a lesser offense properly set forth in an indictment, that the proof offered shows the commission of a greater offense, if the offense proved, includes the offense charged." (*Commonwealth* v. *Burke,* 80 Mass. (14 Gray) 100; *Commonwealth* v. *Walker,* 108 Mass. 309; *Commonwealth* v. *Andrews,* 132 Mass. 263; *State* v. *Keeland,* 90 Mo. 337, 2 S. W. 442.)

Furthermore, by the amendment of our statute in 1917 (Chap. 25, Laws 1917) by inserting the word "wilful" the legislature contemplated that bad faith or corruption may

enter into a charge of nonfeasance. The word "wilful" implies an evil or corrupt motive. (*State* v. *Meek*, 148 Iowa, 671, Ann. Cas. 1912C, 1075, 31 L. R. A. (n. s.) 566, 127 N. W. 1023.) The proof of this case did show that the accused was guilty of nonfeasance in failing to arrest for the commission of the offense of bribery in his presence; therefore, there was no variance. Aside from that, however, it makes no difference whether the rule in civil cases (sec. 9183) or that in criminal prosecutions (sec. 11874) be applied. In either case, the defendant certainly suffered no prejudice to any substantial right nor was he misled in maintaining his defense even though the state proved malfeasance, admitting for the sake of argument that it did, as well as nonfeasance.

MR. JUSTICE GALEN delivered the opinion of the court.

On November 14, 1925, an accusation was made in writing, and filed in the district court of Musselshell county by the county attorney against T. G. Beazley, the sheriff, seeking to bring about the summary removal of the latter for alleged nonfeasance in office. Of several charges of wilful neglect of duty, the defendant was finally brought to trial before the court upon three of the specifications contained in the accusation, this court having theretofore held them sufficient to charge nonfeasance under the provisions of section 11702 of the Revised Codes of 1921. (*State ex rel. Beazley* v. *District Court,* 75 Mont. 116, 241 Pac. 1075.) At the conclusion of the plaintiff's case, the defendant moved the court to dismiss the proceedings because of (1) failure of proof; (2) a variance between the proof and the charges; and (3) lack of jurisdiction on the part of the court. The motion was denied, and at the conclusion of all of the testimony was renewed, and again denied. The court found that the evidence offered in support of the allegations upon which hearing was had established the truth thereof, and consequently, as a matter of law, adjudged the defendant guilty of having wilfully neglected to perform his official duties, and ordered judgment to be entered depriving him of his office, and assessing him with the plaintiff's

costs. Judgment was regularly entered accordingly, and the appeal is from the judgment.

Several errors are assigned by the defendant as reason for reversal of the judgment, but, in our opinion, there is but one question necessary to be considered in disposition of the appeal: Upon the evidence, was the court clothed with jurisdiction to enter the judgment?

The charges upon which the defendant was tried were to [1] the effect that crimes of bribery were, on stated dates, committed in the presence of the sheriff, it being alleged that such offenses were perpetrated by persons named by directly offering and giving to the defendant money or other things of value with intent to influence him, as such sheriff, in the performance of his official and public duties, and that the defendant failed and neglected to arrest and institute proceedings against the persons named for the commission of the crime of bribery in his presence. In substance, the evidence is to the effect that the defendant was indebted in the sum of $500 for money borrowed, to one Nick Vranish, represented by a promissory note, dated June 8, 1924. Payments are shown to have been indorsed upon the note as follows: "July 14, 1924, $200, and April 2, 1925, $25." Vranish testified that, in response to a letter he had written to Beazley demanding payment of the indebtedness, the latter called at his house at about midnight on April 2, 1925, and demanded money from Vranish for "protection" in the illicit sale of liquor, stating that he (Beazley) did not intend to pay his note to Vranish. Vranish protested, saying that the amount demanded was too much to pay for "protection." Beazley insisted that the amount was not exorbitant, as Vranish was making lots of money. Vranish then offered to allow Beazley a credit of $100 on the note, but the latter said it was not enough, so they finally compromised by indorsing a payment of $200 on the note, Beazley agreeing to pay the balance of $300 at the rate of $25 per month. Beazley then paid $25 on the note, and the indorsement of payments shown on the note were then and there made. Beazley stated to Vranish that the allowance so made

was for "protection," and that he could "go ahead and do business." The indorsements of payments on the note as shown were made by Bleazley on the second day of April, 1925, and Vranish signed them. No further payments were made or indorsed on the note.

Jack Hinand, who had conducted a lodging-house in Roundup called the "Central Rooming House," stated that on the 1st of February, 1925, the defendant asked him for money "for protection." He testified: "He came to our place, said he wanted money, said if I don't give him money he was going to close the place. I offered him $20 for the purpose of letting me do what I was doing. * * * I gave sheriff $20. He told me, 'I will get along fine.' * * * He came to see me last November (1925) about the 2d. He came in and asked me for $100. * * * I offered him $25 because he say if I don't give him money he is going to close the place again. * * * I gave him $30 at that time for protection." On cross-examination he testified respecting these transactions: "He demanded $20 in my room No. 20 in the Central Hotel in Roundup. He said the $20 was to let me alone; to let me run the place as I pleased. That is what he said to me at the time. I refused three times to pay him the $20. He got hard-boiled, and, after that, I gave him the $20." And as to subsequent demands made by the defendant upon the witness, he stated on further cross-examination that "on November 2, 1925, Mr. Beazley demanded of me $100 for protection, or he was going to close the place. He told me he was going to close the place if I don't give him $100. * * * After I told him that I only had $25, he wanted $100. He say, 'You can't buy a man like me for $25.' I finally gave him $30." This comprises a fair statement of all of the evidence bearing upon the charges, and that which furnished basis for the court's findings and judgment.

By section 11688 of the Revised Codes of 1921, it is provided: "An accusation in writing against any district, county, township, or municipal officer, for wilful or corrupt misconduct or malfeasance in office, may be presented by the grand jury of

the county for which the officer accused is elected or appointed.''
And section 11702, so far as pertinent, provides that ''When an
accusation in writing, verified by the oath of any person, is
presented to the district court, alleging that any officer  *  *  *
has been guilty of knowingly, wilfully, and corruptly charging
and collecting illegal fees for services rendered, or to be ren-
dered, in his office, or has wilfully refused or neglected to
perform the official duties pertaining to his office, the court
*  *  *  must proceed to hearing, in a summary manner, or
trial, upon the accusation and evidence offered in support of
the same, and the answer  *  *  *  offered by the party ac-
cused.  *  *  *  If, upon such hearing or trial, the charge
is sustained, the court must enter a judgment that the party
accused be deprived of his office, and for such costs as are
allowed in civil cases.  *  *  *  ''

The distinction between offenses cognizable under these two
sections of the statute has been clearly pointed out by this
court in *State ex rel. Rowe* v. *District Court*, 44 Mont. 318,
Ann. Cas. 1913B, 396, 119 Pac. 1103, *State ex rel. Hessler*
v. *District Court*, 64 Mont. 296, 209 Pac. 1052, and adverted
to in *State ex rel. Beazley* v. *District Court*, 75 Mont. 116,
241 Pac. 1075.  Where the removal of a county officer is sought
for wilful or corrupt misconduct or malfeasance in office, that
is, for acts of commission, the district court is clothed with
jurisdiction in such cases, only when the accusation has been
presented by a grand jury.  Where, however, the accusation
is for wilful refusal or neglect to perform official duties, con-
stituting nonfeasance in office, the court is vested with
jurisdiction upon the complaint of a citizen · to summarily
try the accused without the aid of a jury.  (*State ex rel.
Hessler* v. *District Court, supra.*)  In the case last cited
this court gave a clear and correct interpretation of the dis-
tinction between the offenses and procedure prescribed and
intended by the legislature under these sections as follows:
''It will be observed at once that the legislature has thus
classified the acts of omission or commission which furnish
grounds for removal, and has made the character of acts

charged against the officer the factor which determines whether the one method of procedure or the other must be pursued. If the acts charged constitute wilful or corrupt misconduct or malfeasance in office, as those terms were understood by the lawmakers in enacting the statute, then the jurisdiction of the court can be invoked only by an accusation presented by a grand jury of the county (sec. 11688), and the accused officer is entitled to a trial by jury conducted in the same manner as the trial of an indictment for a misdemeanor (sec. 11697). If, however, the officer is charged with nonaction only, that is, with wilful refusal or neglect to perform official duties, or with charging and collecting illegal fees, the jurisdiction of the court may be invoked by filing an accusation presented and verified by any person. (Sec. 11702.) In such case the hearing is had in a summary manner, and the accused is not entitled to a jury trial. (*State ex rel. Payne* v. *District Court*, 53 Mont. 350, 165 Pac. 294.) These statutes make clear the intention of the legislature to distinguish between misfeasance and malfeasance on the one hand and nonfeasance on the other, and to secure to an officer accused of the more serious offense certain safeguards which are denied to one accused of the lesser offense. In other words, before an officer can be brought into court upon the accusation of a private individual, it must be made to appear that his offense is nothing more than wilful refusal or neglect to perform official duties, or charging and collecting illegal fees.''

As applied to this case, the first section of the statute has reference to crimes committed by an officer, whereas the second relates entirely to nonaction on the officer's part in the performance of official duty. From the evidence there appears to have been most aggressive action on Beazley's part in violation of the criminal statute against bribery (sec. 10824, Rev. Codes 1921), and therefrom it would appear that he himself had been guilty of such crime, constituting malfeasance in office. The acts described in the accusation, and not the con-

clusion of the pleader as to their legal effect, determine the quality of the conduct charged. (*State* v. *Hessler, supra; State* v. *Beazley, supra.*) So likewise, it must be held that the character of evidence offered in support of the accusation, rather than the accusation itself, determines the character of the offense committed. Thus in this case there is a jurisdictional variance between the accusation and the evidence.

When this case was previously before us on the question of the character of the accusations, it was said: "As the accusation does not allege culpability of the sheriff in receiving the bribe, it does not charge him with wilful or corrupt misconduct or malfeasance in office. True, the statements in the accusation have a suspicious aspect. The fact that the defendant received the bribe and then did not arrest the briber justifies a suspicion, almost amounting to an inference, that in receiving the bribe the defendant did so with a corrupt motive."

The proof removes all doubt as to the nature of the offense, and from it it is demonstrated that the offenses complained of are controlled as to procedure by the provisions of section 11688. From the evidence the defendant appears to have been the principal offender, and the fact that another participated with him in the commission of a crime does not so relieve him of culpability as to make him guilty of nonfeasance in office for his failure to arrest his accomplice. As was properly observed by this court respecting one of the charges against the defendant, when the sufficiency of the accusations were under consideration by us, "if the accusation be true, the defendant's participation in the things done constituted. *malfeasance* in office, and it does not detract from the affirmative character of his acts that the accusation alleges that he wilfully neglected and refused to perform the duties of his office when he did not arrest his partner in guilt."

Manifestly, upon an accusation of *nonfeasance* in office, the [2] court is without jurisdiction to enter a judgment such as was done in the case before us upon evidence showing *mal-*

*feasance.* The officer may not thus be denied right to have his official conduct, complained of, investigated by a grand jury, or denied his right to a trial by jury. Jurisdiction in the court to hear a particular matter may be secured by the filing of an appropriate pleading alleging requisite ultimate facts, but such allegations must be sustained by proof showing a *prima facie* case within the jurisdiction of the court; otherwise it is not vested with power to enter a judgment. The jurisdiction of a court to entertain an action is acquired by the filing of an appropriate pleading, whereas jurisdiction to render judgment is dependent upon the character of the evidence introduced in support of the complaint.

We agree with the contention of counsel for the defendant that it is a fundamental concept of law that one may not be tried and convicted for an offense distinct from that which is charged; so that an officer may not be tried upon an accusation charging *nonfeasance* in office, and convicted and removed from office upon proof of *misfeasance* or *malfeasance.* The proof established the defendant's guilt of malfeasance in office, and thereupon it must have at once become apparent to the court that the prosecution should have been instituted as prescribed by section 11688 of the Revised Codes of 1921; and, accordingly, it was without jurisdiction to enter the judgment. It would be just as reasonable to hold it to be within the jurisdiction of a court to find a defendant guilty of a misdemeanor upon proof of the commission of a felony of a character which does not include the lesser offense. And it is elementary that one may not be charged with a specific offense and convicted on another distinct and nonincluded offense.

Although the defendant may be guilty of a felony, *i. e.,* the crime of bribery, constituting that which is denominated as malfeasance in office, yet such a short cut to effect his summary removal from office as has been attempted here, desirable as it may appear, is not warranted.

As it is clear that the court was without jurisdiction, the judgment is reversed and the cause is remanded, with directions to dismiss the proceedings.

*Reversed and remanded.*

Mr. Chief Justice Callaway, Associate Justices Stark and Matthews and Honorable Henry G. Rodgers, District Judge, sitting in place of Mr. Justice Holloway, disqualified, concur.

Rehearing denied December 9, 1926.