STATE ex Rel. KING, County Attorney, Appellant, *v.* SMITH, Respondent.

(No. 7,281.)

(Submitted November 13, 1934.  Decided November 27, 1934.)

[38 Pac. (2d) 274.]

*Mr. Dean King* and *Mr. Gordon Rognlien,* for Appellant, submitted a brief; *Mr. King* argued the cause orally.

*Messrs. Walchli & Korn,* for Respondent, submitted a brief; *Mr. Hans Walchli* argued the cause orally.

MR. JUSTICE ANDERSON delivered the opinion of the court.

This was an action brought to remove the defendant from the office of county commissioner of Flathead county. The complaint was in three counts. A general demurrer was sustained as to the first count and a special demurrer as to the second. The third count was dismissed on motion of the plaintiff. Thereafter, the plaintiff having declined to plead further, a judgment of dismissal was entered. The appeal is from the judgment. Error is assigned upon the court's rulings in sustaining the several demurrers.

Plaintiff, as county attorney of Flathead county, in his first cause of action alleged the election and qualification of the defendant as county commissioner and his continuance in that office; that he, in the month of February, 1931, as such officer "knowingly, wilfully and corruptly" presented a claim to the county for $16.50, and so collected the amount of the claim

from the county. A copy of the claim is an exhibit attached to the complaint and discloses the following items:

"Jan. 20–21–22 1931. To attending State Commissioners' Convention at Missoula and inspecting machinery.

Bus hire ................. $ 9.00
Meals .................... 7.50
—————
16.50"

It is further alleged that these services were not for the inspection of roads and bridges, nor for the attendance of meetings of the board of county commissioners, that defendant was not appointed by the board to attend the state convention, but that another member thereof was so designated, and that the fees were collected by defendant in his office as county commissioner.

In the second count it is alleged that defendant presented monthly bills and collected the same from the county. The items of various bills are set forth in detail. These bills are for some seventeen different dates, commencing with April 15, 1931, and ending February 11, 1932. One of them will illustrate the nature and character of all. The item of April 15, 1931, is as follows:

"To inspection Whitefish roads....................$ 8.00
"80 miles at 12½c $10.00  Meal .50.................10.50."

It was also alleged that "each of these items was illegally collected, in that each of said items calls for a distance at least ten miles in excess of the respective distances actually traveled by said A. N. Smith in the inspection of bridges and highways and proposed highways in Flathead county on said respective dates, and calls for expenses at least $1 in excess of the respective expenses actually incurred by said A. N. Smith in such inspection." The special demurrer was directed to the foregoing quotation upon the ground of uncertainty, in that it could not be ascertained therefrom whether any given item for mileage was illegal in its entirety, or what portion of such items was legal and in what amounts they were illegal.

174

It was further alleged that "no part of any of said items was for mileage or per diem for attendance upon any meeting of the board of county commissioners of Flathead county, nor for any other purpose for which a county commissioner may lawfully charge or collect fees except such parts thereof as are for the inspection of highways or bridges." The last-quoted paragraph was attacked by demurrer upon the ground of uncertainty, in that it cannot be ascertained as to what parts thereof it is claimed, or admitted, or alleged are proper "for the inspection of highways or bridges," and what parts thereof are illegal or improper, or alleged not to come within the allegations of "except such parts thereof as are for the inspection of highways or bridges."

We will first discuss the ruling on the general demurrer. ■ Public officers who are not subject to impeachment may be removed for misconduct or malfeasance only by indictment of a grand jury (sec. 11688, Rev. Codes 1921), and for non-feasance or for the collection of illegal fees by accusation in writing. (Sec. 11702.) In the case of State ·v. Beazley, 77 Mont. 430, 250 Pac. 1114, 1115, this court said: "The distinction between offenses cognizable under these two sections of the statute has been clearly pointed out by this court in State ex rel. Rowe v. District Court, 44 Mont. 318, 119 Pac. 1103, Ann. Cas. 1913B, 396; State ex rel. Hessler v. District Court, 64 Mont. 296, 209 Pac. 1052, and adverted to in State ex rel. Beazley v. District Court, 75 Mont. 116, 241 Pac. 1075."

The instant case was brought under section 11702, supra, ■ the pertinent portion of which reads as follows: "When an accusation in writing, verified by the oath of any person, is presented to the district court, alleging that any officer within the jurisdiction of the court has been guilty of knowingly, wilfully, and corruptly charging and collecting illegal fees for services rendered, or to be rendered, in his office, or has wilfully refused or neglected to perform the official duties pertaining to his office," the court shall proceed to issue citation and try the cause as therein provided.

The defendant argues that, since under the statute then in force (Chap. 48, Laws 1927) only one member of the board of county commissioners was entitled to his expenses and per diem during his attendance at a state meeting of county commissioners, and as the board in this instance had designated a member other than defendant to attend such meeting, the fees or money paid to defendant were not charged "for services rendered * * * in his office." The state of Idaho has an identical provision with our own, in so far as the pertinent portion thereof is concerned. The supreme court of that state in construing this section in the case of *McRoberts* v. *Hoar*, 28 Idaho, 163, 152 Pac. 1046, 1049, said: "A · reasonable construction of section 7459, Rev. Codes, can bring us to but one conclusion, and that is, before a public official can be removed under this section and the penalty imposed it must be alleged and proved by competent evidence that he was guilty of charging and collecting illegal fees for services rendered in his office while acting in his official capacity; that he charged and collected fees not authorized by law for services prescribed by law, or that he. presented for allowance to the board of county commissioners, for services rendered in his office and in his official capacity, a claim or claims for fees which were illegal, and which illegal fees were allowed to, and appropriated by, said officer for his own use and benefit, or that said officer has refused or neglected to perform the official duties pertaining to his office." The rule thus announced was approved and applied by the same court in the case of *Hudson* v. *Bertsch*, 38 Idaho, 52, 220 Pac. 109.

The supreme court of Utah, in considering an identical statutory provision, is in accord with the Idaho court. (*Law* v. *Smith*, 34 Utah, 394, 98 Pac. 300.)

This court in the case of *State* v. *Story*, 53 Mont. 573, 165 Pac. 748, observed that the construction of the statute contended for by defendant and adopted in the above-cited cases was obvious, although the statement was perhaps unnecessary to the decision.

The case of *State* v. *Borstad*, 27 N. D. 533, 147 N. W. 380, Ann. Cas. 1916B, 1017, under an identical statute holds that a fee allowed as a fee of the office is within the purview of the statute. Only an Idaho case is cited in support of that court's conclusion which does not support it.

We think the only reasonable interpretation of the section in question is that adopted by the Idaho court. The North Dakota rule is unsound, as the statute would have the same meaning attributed to it under that rule, if the words "in his office" were entirely omitted. In construing statutes we are commanded not "to omit what has been inserted." (Sec. 10519, Rev. Codes 1921.)

The fees alleged to have been illegally received were not received by defendant for services rendered in his office. The demurrer to the first cause of action was properly sustained.

The rules of pleading obtaining in cases brought under ▮▮ section 11702, except as therein otherwise provided, are those applicable to ordinary civil actions. (*State ex rel. King* v. *District Court*, 95 Mont. 400, 26 Pac. (2d) 966; *State ex rel. Odenwald* v. *District Court*, ante, p. 1, 38 Pac. (2d) 269. The rule of certainty in pleading was stated by this court in *Kozasa* v. *Northern Pac. Ry. Co.*, 61 Mont. 233, 201 Pac. 682, as follows: "The object of pleading is to notify the opposite party of the facts which the pleader expects to prove, and so it is that the allegation of such facts must be made with that certainty which will enable the adverse party to prepare his evidence to meet the alleged facts."

Under the allegation as to mileage, plaintiff might prove ▮ that no mileage was properly chargeable, or that only a small portion of the amount received, or only $1 of the specified amount, was illegal. Likewise the same latitude in the proof would obtain as to the other items of which complaint was made. If the proof offered by plaintiff was that various items in their entirety were illegal, more and different witnesses would be necessary to prove an entire item than would be required to sustain an item under attack in part. Such a pleading does not notify the adverse party of the

probable scope of the proof he will be required to meet. Hence the pleading was vulnerable to a special demurrer.

Judgment affirmed.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES ANGSTMAN, MATTHEWS and STEWART concur.